HENRY O. ROBINSON *vs.* COMMONWEALTH.

Middlesex.  October 2, 1956. — April 2, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Evidence,* Competency, Of value. *Zoning. Value. Damages,* Eminent domain.

At the trial of a petition for the assessment of damages arising out of a taking of the petitioner's land by eminent domain, it was proper to exclude evidence to show that as applied to such land the zoning ordinance of the city in which it was located was invalid and that it would have an enhanced value if not subject to the ordinance.

PETITION, filed in the Superior Court on March 30, 1951. The case was tried before *Sullivan,* J.

*Norman T. Byrnes,* (*Arnold W. Hunnewell, Jr.,* with him,) for the petitioner.

*George Fingold,* Attorney General, & *Vincent J. Celia,* Assistant Attorney General, for the Commonwealth, submitted a brief.

RONAN, J.  These are the petitioner's exceptions to the exclusion of evidence taken at a trial for the assessment of damages arising out of the taking by the Commonwealth of land owned by the petitioner, located in Waltham, for the purpose of constructing a limited access highway. The jury returned a verdict of "no damages."

Robinson *v.* Commonwealth.

Damages were sought for the actual taking of portions of three parcels of land known as lots 2, 7, and 18, and totaling 19.24 acres, and for consequential damages resulting to the remaining portion of these lots, herein referred to as lots 2A, 7A, and 18A, respectively, and totaling 10.74 acres. The petitioner offered to show that lots 2 and 2A formed an irregular octagon bounded on seven sides by land of the city of Cambridge and on the eighth side by the Fitchburg branch of the Boston and Maine Railroad; that these two lots sloped down from an elevation of about one hundred forty feet above sea level to about fifty-four feet above the sea level at the edge of the Stony Brook Reservoir, a water supply of the city of Cambridge; that these two lots consisted of ledges which at some places protruded through the surface; that at other places they were covered by small scrub and occasional trees; that lots 7, 7A, 18, and 18A are largely swamp land; that the six lots were for the most part zoned for residential districts by the city of Waltham; and that all six parcels of land were vacant at the time of the taking on April 25, 1950. There was no evidence that they had ever been put to any use prior thereto.

Besides, in pursuance of St. 1897, c. 510, the locus, being in the water shed of a water supply of a large city, has since 1899 been subject to the strict rules and regulations of the State board of health, a copy of which is contained in the record.

The petitioner contended that these zoning ordinances were invalid and offered to show through one Warner, who appears to have been the only witness at the trial, that as applied to the parcels in question the ordinances were invalid, that if freed from the ordinances lots 2 and 2A would have a substantial value, otherwise they were worthless, and that lots 7, 7A, 18, and 18A were worth about $100 an acre, but if their values were subject to these ordinances they had no market value. The only issue in this case is the ruling excluding such evidence of value.

There was no error.

The petitioner had ample opportunity to attack directly

the ordinances if he had desired to do so. He could have filed a petition in the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, inserted by St. 1934, c. 263, § 2, or he could have filed a suit for declaratory relief in the Superior Court under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, to determine the validity of the ordinances, *Pitman* v. *Medford*, 312 Mass. 618, *122 Main Street Corp.* v. *Brockton*, 323 Mass. 646, *Pioneer Insulation & Modernizing Corp.* v. *Lynn*, 331 Mass. 560; but in our opinion he could not at the trial of the petition for land damages against the Commonwealth attack the zoning ordinances. See *Long Beach City High School District* v. *Stewart*, 30 Cal. (2d) 763; *Matter of County of Westchester (MacEwen)*, 237 App. Div. (N. Y.) 833; *MacEwen* v. *New Rochelle*, 149 Misc. (N. Y.) 251; 61 Harv. L. Rev. 707.

*Exceptions overruled.*