WILLIAM J. NOONAN & others *vs.* CHARLES W. MOULTON
& others.

Norfolk.   December 11, 1964. — March 3, 1965.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Zoning,* Validity, Establishment of districts, "Floating zone," Spot zoning,
Planning board recommendation. *Equity Jurisdiction,* Declaratory re-
lief, Zoning.

The Superior Court had jurisdiction of a suit in equity by owners of lands
in a town against it and others under G. L. c. 231A seeking a declara-
tory decree as to the validity of a rezoning of land of defendants in
the neighborhood of the plaintiffs' lands.   [637]

A zoning by-law amendment creating a new class of district was not in-
valid in that no specific land was placed in such a district at the town
meeting at which the amendment was adopted.   [638–639]

A comprehensive zoning plan of a town is not a condition of any exercise
of the zoning power by the town.   [639]

A report made by a town's planning board as to a proposed amendment
of its zoning by-law pursuant to G. L. c. 40A, § 6, is advisory only and
is not binding upon the voters.   [639]

An amendment of the zoning by-law of a growing town in which there was
only one apartment house and some demand for more, changing the
classification of a parcel of 5½ acres from a single residence district to
an apartment district was not invalid as spot zoning where it appeared
that the locus was surrounded by a State highway and its access roads,
by a flood plain district along a river which was the town boundary, by
an avenue on the other side of which there was a private school, and by
church property, and that there was no land surrounding the locus in-
distinguishable from it in character.   [639–640]

BILL IN EQUITY filed in the Superior Court on July 16,
1962.

The suit was heard by *Bolster, J.*

*John R. Hally* for Charles W. Moulton & others.

*William A. Cross,* Town Counsel, for the Town of Need-
ham & others.

*Daniel G. Rollins (John J. Ryan* with him) for the plain-
tiffs.

WILKINS, C.J.   This bill in equity seeks a declaratory
decree (G. L. c. 231A) as to the validity of votes of the
town of Needham in two town meetings amending its zon-

ing by-laws. The first votes, at a special town meeting of
March 22, 1961, created a new category designated "Apart-
ment districts." This was not applied to any specific land
until a vote at the annual meeting of March 19, 1962, trans-
ferred to this category five and one-half acres (the locus)
previously within a single residence district. The plain-
tiffs are neighboring landowners in a single residence dis-
trict. The Roman Catholic Archbishop of Boston, corpora-
tion sole and owner of St. Bartholomew's School, and one
Browder have been joined involuntarily as parties plaintiff
because of propinquity of their holdings to the locus. The
defendants are the town, its building inspector, its town
clerk, the Attorney General, and the three owners of the
rezoned land.[1] After a hearing a final decree was entered
upholding the 1961 votes and annulling the 1962 vote. All
parties, save the Attorney General, the corporation sole,
and Browder appealed. The evidence is reported.

The facts as found by the judge or by ourselves are these.
The plaintiffs own properties on Great Plain and Green-
dale avenues, on Fairfield and South streets, and on Elm-
wood Road, within the area shown on the accompanying
plan.[2] Except for the property of the corporation sole,
which comprises a church, a rectory, a school, and a con-
vent, and that of Browder, each parcel of the plaintiffs is
occupied by a single family residence. Across Greendale
Avenue from the locus is the Tabor School, owned and oper-
ated by the plaintiff Browder during the usual school sea-
son. This comprises a principal residence, indoor skating
rink, parking area, outdoor swimming pool, stables for
horses, and a caretaker's residence. In the summer he
operates a day camp. On the southwest corner of Green-
dale and Great Plain avenues, there is a greenhouse and a
roadside stand where flowers and fruits are sold in the
summer season.

The defendants Moulton and the defendant Nardone ac-
quired their properties in March, 1946, and December, 1940,

---

[1] Charles W. and Helen J. Moulton and Elizabeth M. Nardone.

[2] The evidence is deficient in failing to show the precise location of the
properties of most of the individual plaintiffs.

respectively.   The defendants Moulton once owned more
than ten acres before the Commonwealth took about three
acres for building Route 128.   They now own about seven
acres some of which, namely that lying between the locus

and the Charles River, has been made a flood plain district.[1] The locus is at the southeastern end of the town and bounded by the flood plain district, which is along the Charles River (which is the town boundary with Dedham), Greendale Avenue, Hamlin Lane, and the taking lines on the westerly side of Route 128 and on an access road therefrom to Great Plain Avenue. On the Moulton property is a large frame single family dwelling. On the Nardone property are a smaller and less pretentious frame dwelling and a small barn. The locus is nicely wooded, but the building and grounds are somewhat rundown. Before March, 1962, the locus was in a single residence district, requiring for each building an area of not less than 10,000 square feet and a frontage of not less than eighty feet.

Prior to March 22, 1961, the zoning by-law allowed "Apartment houses as permitted under the Building By-Laws" in a business district. Shortly prior to 1961 the only apartment house in Needham had been built in a business district in the northeasterly part of the town and at a considerable distance from the locus. In 1961 and 1962 and presumably when the judge made his findings (August 7, 1963) there was some demand for apartment buildings because of the extensive development and growth of the town in recent years. The population has steadily increased from 13,000 in 1942 (see *Simon* v. *Needham,* 311 Mass. 560, 561) to between 27,000 and 28,000 in 1963. Approximately 64½ per cent of the town, exclusive of streets, is zoned for single residence and general residence use. Prior to March 22, 1961, there had been no attempt to zone any part of the town specifically for apartment building use.

At the special town meeting on March 22, 1961, articles 1 through 7 of the warrant had to do with proposed amendments to the zoning by-laws seeking to create a new class of district called apartment districts and to provide limita-

---

[1] This is under an anomalous by-law provision for double zoning, a flood plain district being superimposed upon whatever the underlying zone happens to be. Such a district may not be filled, and only limited structures may be built there.

tions as to land appurtenant to apartment buildings, their construction, areas for off street parking for occupants, and so forth. The amendments proposed under the seven articles were adopted. Article 8 presented the question of amending the town's zoning map by changing from a business district to an apartment district a small area in the center of the town. The amendment proposed in this article was defeated, only seven out of the approximately 190 present voting in the affirmative. There was no other article respecting apartment districts in the warrant.

At the adjourned annual meeting on March 26, 1962, article 68 was "To see if the Town will vote to amend the zoning map . . . by changing [the locus] from a Single Residence District to an Apartment District." The amendment was adopted by a vote of 197 to 39.

The town planning board had approved articles 1 to 8, inclusive, for the 1961 meeting. It disapproved the zoning amendment under article 68 for the 1962 meeting, and gave as reasons that in its opinion "apartments [*sic*] districts should be adjacent to the business districts of the town," and that "It would tend to establish a zoning precedent in the area."

1. The defendants argue that the present bill for a declaratory decree under G. L. c. 231A will not lie because we held in *Sisters of the Holy Cross of Mass.* v. *Brookline,* 347 Mass. 486, 490–491, that by reason of G. L. c. 185, § 1 (j½), and G. L. c. 240, § 14A, the Land Court had exclusive jurisdiction. This contention is unsound. That case applied to the petitioner's own property. The purpose of the present bill, however, is to ascertain the validity of a zoning by-law as applied to land of others than the plaintiffs.

2. In upholding the 1961 amendment the judge stated: "My ruling on this aspect of the case is based in part upon my belief that the town wisely revised its zoning by-laws by deleting the prior provisions . . . reading '11. Apartment houses as permitted under the Building By-Laws', and by setting up the new class of district for apartment

houses, whereunder apartment structures are specifically brought within zoning requirements. This should result in a more orderly development of the town. Such action by the town is, at least, fairly debatable if not clearly beneficial, and the Court should not interfere with such action under such circumstances.''

The latter part of the judge's statement is strongly supported by many of our cases. *Simon* v. *Needham,* 311 Mass. 560, 564–565. *Foster* v. *Mayor of Beverly,* 315 Mass. 567, 572. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594–595. *Lamarre* v. *Commissioner of Pub. Works of Fall River,* 324 Mass. 542, 545. *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410, 413–414. *Paquette* v. *Fall River,* 338 Mass. 368, 376. *Granby* v. *Landry,* 341 Mass. 443, 447. *Aronson* v. *Sharon,* 346 Mass. 598, 602. *Lanner* v. *Board of Appeal of Tewksbury, ante,* 220, 227–228.

The judge rightly rejected a contention of the plaintiffs that the amendments of 1961 created a ''floating zone'' and were invalid as such. This topic has been the subject of discussion in several States having varying enabling acts. See *DeMeo* v. *Zoning Commn. of Bridgeport,* 148 Conn. 68; *Huff* v. *Board of Zoning Appeals of Baltimore County,* 214 Md. 48; *Rodgers* v. *Tarrytown,* 302 N. Y. 115; *Eves* v. *Zoning Bd. of Adjustment,* 401 Pa. 211. See also, Haar & Hering, The Lower Gwynedd Township Case: Too Flexible Zoning or an Inflexible Judiciary? 74 Harv. L. Rev. 1552. Only in the *Eves* case was the zoning regulation held invalid.

We seriously question that the votes at the 1961 meeting could with any proper regard for accuracy be said to create a floating zone. To be sure, a new class of district was created, and no specific land was, simultaneously, or at least at the same meeting, assigned to it. But that was not necessary. The votes under the first seven articles were valid at the respective moments of passage. Their validity was not subject to a condition subsequent that a further vote be taken in the affirmative under article 8. There is no re-

quirement of law that, in order to be effective, there should always be examples of each class of zoning districts in a municipality. The vote at the 1962 town meeting was in accord with the procedures of G. L. c. 40A. Cf. *Clark* v. *Board of Appeals of Newbury, ante,* 407, 408–409.

There is no requirement of a comprehensive plan under our zoning enabling act. As was said in *Granby* v. *Landry,* 341 Mass. 443, 445, G. L. c. "40A does not make compulsory a division of the town into zones or the adoption of a comprehensive plan as a condition of any exercise of the power."

3. The reasons given by the judge for invalidating the 1962 vote do not readily lend themselves to summary re-statement. He mentioned that "no comprehensive survey of the town, with a view to ascertaining what area or areas are most appropriate to apartment houses, was . . . [in 1961 and 1962] undertaken or even attempted, except per-haps for such degree of consideration as may have been given to the matter by the Planning Board before arriving at its decision to oppose the 1962 amendment for the rea-sons stated and quoted *supra.*" As we have just noted, there is no requirement in the zoning enabling act for a comprehensive plan as a condition precedent to the enact-ment of a zoning by-law.

The judge seems to place great weight on the adverse vote of the planning board. But this vote is advisory only and in no sense binding on the voters. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595–596. G. L. c. 40A, § 6 (as amended through St. 1962, c. 327).[1] See *Kitty* v. *Springfield,* 343 Mass. 321, 324–325.

A conclusion of the judge apparently was that if the vote was not spot zoning, it was something equally bad. This, however, is not a case of spot zoning. There is no similar

---

[1] "No zoning . . . by-law originally establishing the boundaries of the dis-tricts or the regulations and restrictions to be enforced therein, and no such . . . by-law changing the same as aforesaid, shall be adopted until after the planning board . . . has held a public hearing thereon . . . and has sub-mitted a final report with recommendations to the . . . town meeting, or until twenty days shall have elapsed after such hearing without the submission of such report . . . .''

surrounding land indistinguishable from it in character. *Marblehead* v. *Rosenthal,* 316 Mass. 124, 126. *Lamarre* v. *Commissioner of Pub. Works of Fall River,* 324 Mass. 542, 545–546. *Lanner* v. *Board of Appeal of Tewksbury, ante,* 220, 228–229. See *Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248, 249; *Schertzer* v. *Somerville,* 345 Mass. 747, 752. Here the locus is surrounded by Route 128 and its access roads; by the flood plain district along the Charles River; by Greendale Avenue on which across from the locus there is a private school with a residence for the owner, a caretaker's residence, an indoor skating rink with appurtenant parking area, an outdoor swimming pool, and stables for horses; and by the buildings of the corporation sole, which comprise a church, a rectory, a school, and a convent.

4. The final decree is to be modified by striking out paragraphs numbered 2, 3, and 4, and by substituting a new paragraph numbered 2 providing that the vote under article 68, at the town meeting of March 26, 1962, is valid; and as so modified the decree is affirmed.

*So ordered.*