BASIL K. WOODS & others *vs.* CITY OF NEWTON & others.

Middlesex.    May 4, 1965. — June 22, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Zoning, Declaratory relief.  *Zoning,* Enforcement.
   *Equity Pleading and Practice,* Bill, Declaratory proceeding.

A landowner who has been denied a permit with respect to his land by an
   officer charged with the duty of enforcing zoning ordinances or by-laws,
   or who, being about to make a new use of his land, is threatened with
   enforcement proceedings, has a dispute with the officer which is an
   actual "controversy" within the meaning of that word in G. L. c. 231A,
   § 1.  [376]
The holding of *Sisters of the Holy Cross of Mass.* v. *Brookline,*
   347 Mass. 486, that only the Land Court under G. L. c. 240, § 14A;
   c. 185, § 1 (j½), has jurisdiction at the instance of a landowner to
   enter a declaratory decree as to the validity or extent of a municipal
   zoning ordinance or by-law affecting his land must be confined to cases
   where there is no actual controversy.  [376–377]  SPIEGEL, J., joined by
   KIRK, J., dissenting.
In case of an actual controversy with respect to the validity or extent of
   a municipal zoning ordinance or by-law as applied to land, the land-
   owner has a right to seek a determination thereof in a suit in equity for
   a declaratory decree under G. L. c. 231A, alternative to his right to
   proceed in the Land Court under c. 240, § 14A; c. 185, § 1 (j½).
   [377]  SPIEGEL, J., joined by KIRK, J., dissenting.
A resident of a municipality whose request for the enforcement of a
   zoning ordinance or by-law with respect to an asserted violation thereof
   on land of another is not complied with by the enforcing officer has an
   "actual controversy" with him and has standing to maintain, without
   joining all the other residents in the municipality as parties, a suit in
   equity for a declaratory decree under G. L. c. 231A; and upon the neces-
   sary joinder of the owner of the land as a party, the enforcing power
   of the Superior Court under c. 40A, § 22, is invoked.  [378–379]
The right of a resident of a municipality to seek a writ of mandamus
   against the enforcing officer for the enforcement of its zoning ordinance
   or by-law with respect to land of another is not destroyed by the resi-
   dent's right to bring a suit in equity under G. L. c. 231A for a de-
   claratory decree resolving the zoning controversy.  [379]
In a suit in equity for a declaratory decree under G. L. c. 231A by
   owners of land in a city adjacent to rezoned land against the city, its
   public buildings commissioner, and the owner and the lessee of the re-

zoned land, demurrers of the defendants to the bill grounded on want of an actual controversy were properly sustained where the bill merely alleged that there was an actual controversy in that the rezoning was invalid and that the lessee of the rezoned land "has filed or intends to file" with the commissioner an application for a permit to construct a building thereon allowed by the rezoning, and did not allege any request by the plaintiffs to the commissioner to act, or refusal or failure by him to act, to prevent a violation of the zoning ordinance; but, in order to give the plaintiffs an opportunity to try the substantive issue in the suit, this court ordered the interlocutory decrees sustaining the demurrers modified to include leave to amend the bill, and reversed a final decree dismissing the bill. [374, 380]

BILL IN EQUITY filed in the Superior Court on December 17, 1963.

The plaintiffs appealed from interlocutory decrees sustaining demurrers to the bill and from a final decree dismissing the bill, entered by *Fairhurst, J.*

*Lawrence H. Adler* for the plaintiffs.

*Gael Mahony & Richard W. Renehan* for Marriott Motor Hotels of Newton, Inc. & others and *Matt B. Jones,* City Solicitor, for the City of Newton & another, submitted a brief.

WHITTEMORE, J. This suit for declaratory relief is brought by owners of residences in Newton adjacent to premises rezoned by a vote of the board of aldermen on November 4, and as to which petitions for permissive use and site plan approval and for a variance were granted by the board on November 18, and December 16, 1963, respectively. The bill alleges an actual controversy between the plaintiffs and the defendants (the city of Newton, its public buildings commissioner, and Marriott Motor Hotels of Newton, Inc. [Marriott]) in that Marriott "has filed or intends to file" with the public buildings commissioner an application for a permit to construct a motor hotel building on the rezoned premises and the plaintiffs contend, on several grounds, that the votes of the board of aldermen are invalid. The owners of the premises, which were under lease to Marriott, were permitted to intervene as parties defendant.

The defendants demurred and a judge in the Superior Court after hearing sustained the demurrers. The plain-

tiffs' appeals from the interlocutory and final decrees raise the issues of the plaintiffs' standing to seek a declaration under G. L. c. 231A and the adequacy of the allegation of a controversy.

It is now established that controversies in respect of a zoning regulation may be resolved by a declaratory decree. *Noonan* v. *Moulton,* 348 Mass. 633, 637. *Stow* v. *Pugsley, ante,* 329, 331. The issue of what kind of controversy will support a suit by abutters has not heretofore been adjudicated. Certain related principles are, however, well established.

Members of the general public, even if abutters, apart from G. L. c. 231A, may not proceed directly for the enforcement or construction of zoning regulations. *O'Brien* v. *Turner,* 255 Mass. 84, 86. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566, 567. *Nigro* v. *Jones,* 332 Mass. 741, 744. *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 234. *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518, and cases cited.

The use of the declaratory procedure by an enforcing officer is appropriate. *Stow* v. *Pugsley, ante,* 329. General Laws c. 40A, § 22, inserted by St. 1954, c. 368, § 2, provides in part: "If the attorney general questions the validity of any ordinance or by-law adopted by a city or town under this chapter, he shall bring an information in his own name as such officer in the superior court sitting in equity for the county in which such city or town is situated for a declaratory decree to determine the validity of such ordinance or by-law." *Attorney Gen.* v. *Dover,* 327 Mass. 601, 605–608, holds that this provision is valid statutory authority to proceed in the absence of a controversy in the usual understanding of the word. The court by Qua, C.J., said, "If it is thought essential to have a 'controversy' that can be ended by the decision, such a controversy can be found in the interest which the public as a whole, represented by the Attorney General, has in keeping the zoning regulations of municipalities within lawful bounds and in not allowing them to become instruments of discrimination

or oppression, as opposed to the interest which the municipality may be assumed to have in defending the ordinance or by-law which it has in due form adopted. This controversy is ended by the decision, and even though the decree is declaratory in form, practical results are achieved." 327 Mass. at 606.

Owners of freehold estates in possession are expressly authorized by G. L. c. 240, § 14A (inserted by St. 1934, c. 263, § 2, eleven years before the enactment of c. 231A by St. 1945, c. 582), to petition the Land Court for a determination of the validity of zoning enactments affecting their land or structures thereon. The Land Court by G. L. c. 185, § 1 (j½) has exclusive jurisdiction of petitions brought under that section. There is no requirement in c. 240, § 14A, that any controversy be shown. Except for that statute, however, and the authority given the Attorney General by c. 40A, § 22, an "actual controversy . . . specifically set forth" is required for declaratory relief.[1]

In certain instances, particularly in suits by landowners, a controversy arises because of pending attempts to make use of land. Owners who have been denied permits or who, being about to make a new use of their land, are threatened with enforcement proceedings, are in dispute with the public officials concerned. Such a dispute is a controversy within our definition of the word for purposes of c. 231A (*School Comm. of Cambridge* v. *Superintendent of Schools of Cambridge,* 320 Mass. 516, 518) and has been so dealt with. *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 155. See *Butler* v. *East Bridgewater,* 330 Mass. 33.

It follows from the foregoing that the holding of *Sisters of the Holy Cross of Mass.* v. *Brookline,* 347 Mass. 486, 490–492 (only the Land Court under G. L. c. 240, § 14A, has jurisdiction to enter a declaration at the instance of an

---

[1] General Laws c. 231A, § 1, authorizes declaratory relief "in any case in which an actual controversy has arisen and is specifically set forth in the pleadings . . . ." If a controversy appears at the hearing and the issue of inadequate allegation has not been raised, the absence of an adequate averment will be deemed to have been waived. *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371, 373–374.

owner), must be confined to cases where there is no actual controversy. We recognize that, in accordance with the principles now stated, there was a controversy in that case. It would be anomalous, however, to exclude landowners from the right which all others at interest would have to seek declaratory relief under c. 231A, and to do so because of a statute enacted before the general principle of declaratory relief had been adopted. See G. L. c. 231A, § 9.[2] Giving landowners, in cases of actual controversy, a right alternative to that given by c. 240, § 14A, does not invade the exclusive jurisdiction of the Land Court of proceedings under that statute. See *Meenes* v. *Goldberg,* 331 Mass. 688, 691 ("Commonly relief under . . . [c. 231A] should not be denied because of the possibility of some other form of remedy, if the case presented comes within the general scope of the chapter and no special reasons exist against the use of the declaratory process") ; *Robinson* v. *Commonwealth,* 335 Mass. 630, 632 ("[The plaintiff, the owner of the land] could have filed a petition in the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, . . . or he could have filed a suit for declaratory relief in the Superior Court under G. L. (Ter. Ed.) c. 231A, . . . to determine the validity of the ordinances").

Although, as noted, the kind of controversy needed in declaratory proceedings brought by abutters has not been adjudicated, there have been several cases so brought, in which declaratory decrees have been entered. In *Morgan* v. *Banas,* 331 Mass. 694; *Kitty* v. *Springfield,* 343 Mass. 321, and *Noonan* v. *Moulton,* 348 Mass. 633, the issue of a required controversy was not discussed. In *Berger* v. *Wellesley,* 334 Mass. 193, 195, the court said, "It . . . now appears that the controversies which the plaintiffs alleged . . . have become moot and no occasion exists to consider

---

[2] Section 9. "This chapter is declared to be remedial. Its purpose is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered. Nothing in this chapter shall be held to affect the jurisdiction of the land court, and the procedure established hereby shall be in addition to any other procedure for declaratory relief."

the propriety of their proceeding (see *Povey* v. *School Committee of Medford,* 333 Mass. 70, 71–72) . . . ."

The defendants contend that the *Povey* case (followed in *Berry* v. *Quincy,* 334 Mass. 703) is determinative and requires the holding that the plaintiffs are without standing and that there is no controversy. The *Povey* case holds that ten or more residents and taxpayers may not use c. 231A to obtain an interpretation of a rule of the school committee and a declaration of the validity of a vote by the committee with respect to a contract with an appointee. The court held that the express rights given to taxpayers by G. L. c. 40, § 53, relating to illegal expenditures, furnish no basis for resort to c. 231A. The court said, at page 72, "Moreover, it is required by c. 231A, § 8, that 'all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.' If then these plaintiffs are proper parties to this proceeding why must not all other taxpayers who have the same rights as the plaintiffs be made parties? And if all others are not made parties why may not other taxpayers who are not bound by the present proceeding bring other and later suits in their respective rights? And if ten or more taxpayers have a right to sue for declaratory relief, why does not a single taxpayer have the same right? We cannot believe that the Legislature intended that public officers should be subject to harrassment by taxpayers as to their official acts in this manner."

Citizens, however, do have rights in respect of the enforcement of zoning and like regulations. They may call upon enforcing officers to enforce the law, and if the officers decline or fail to act they may petition for a writ of mandamus. *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 519, and cases cited.

If a citizen asserts to an enforcing official that in his view there is a violation of law, and the official asserts the contrary, expressly or by inaction (see *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, 169), there is, in plain

English, a controversy between them. See *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 518. Chapter 231A, § 2, provides that the "procedure under section one may be used to secure determinations of right [and] duty . . . under . . . [a] . . . statute, municipal ordinance or by-law . . . ."

"[M]andamus will not lie where there is available another and effective remedy." *Madden* v. *Secretary of the Commonwealth,* 337 Mass. 758, 761. Permitting a suit under c. 231A to resolve a zoning controversy does not, however, in our view, destroy the right to the writ. Chapter 231A affords flexible procedure for getting disputes before the court for adjudication. Disputes as to whether enforcement proceedings should be instituted are not excluded. Nothing of substance turns on whether the issue comes into court for adjudication by application for a writ or under G. L. c. 231A. *Haverhill* v. *DiBurro,* 337 Mass. 230, 236. G. L. c. 213, § 1D. See *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 522. The owner of the locus will be a necessary party to a suit under c. 231A, and can be, and in most cases will be, a party in mandamus proceedings. He must, of course, be a party if relief is to be had against him. *Dresser* v. *Inspector of Bldgs. of Southbridge,* 348 Mass. 729, 731. In either case, the owner being a party, the enforcing power of the Superior Court under c. 40A, § 22, is invoked. General Laws c. 231A, § 3,[3] gives a discretion as to whether to grant declaratory relief comparable to that prevailing in a mandamus proceeding.

We think there is no requirement that all other citizens in the municipality be made parties. Compare *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71–72. The controversy which supports the bringing of the suit is whether the enforcing officer should act to bring the issue before the court. The substantive controversy that is resolved by the decree is of the kind suggested by the opinion in *Attorney*

_____

[3] "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons. The reasons for such refusal shall be stated in the record."

*Gen.* v. *Dover,* 327 Mass. 601. It is the controversy that would be resolved in a mandamus proceeding.[4]

We hold that a controversy to which the citizen is a party must exist if he is to bring the issue to court under c. 231A. He is in no dispute with the enforcing officer if he has not even requested the latter to act. For all that appears from the bill now before us, except perhaps by implication, the enforcing officer might have brought a suit under c. 40A, § 22, if the plaintiffs had called upon him to do so. True, if a citizen brings a suit under G. L. c. 231A and the enforcing officer does not raise the issue of a controversy, there appears no jurisdictional bar to our accepting the answer as recognition by the officer that he is in dispute with the plaintiff. *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371, 373–374. But the point that no controversy exists may be raised by demurrer. It was so raised by the defendants and the demurrers were good. We think, however, that the plaintiffs should have an opportunity to amend and to try the substantive issue in this proceeding. The interlocutory decrees are modified to include a provision for leave to move to amend within thirty days of rescript and, as so modified, are affirmed. The final decree is reversed.

*So ordered.*

SPIEGEL, J. (with whom Mr. Justice Kirk joins) I concur in the result reached by the majority and am in accord with most of the opinion. I am not, however, in agreement with that portion of the opinion which purports, by way of dictum, to confine the case of *Sisters of the Holy Cross of Mass.* v. *Brookline,* 347 Mass. 486, "to cases where there is no actual controversy" and which strongly implies that landowners who may proceed in the Land Court under G. L.

---

[4] It may be questioned whether in most cases there is any advantage in proceeding under G. L. c. 231A rather than by way of petition for writ of mandamus. Indeed, the requirement of c. 231A, § 8, as to notice to the Attorney General if a question of constitutionality is involved appears to impose a burden not present in mandamus proceedings. But that is beside the present point.

c. 240, § 14A,[1] to challenge certain restrictions with respect to their own land, may alternatively proceed in the Superior Court under G. L. c. 231A for the same purposes. The majority opinion thus virtually emasculates the holding of the *Sisters of the Holy Cross* case and does so unnecessarily because that case is easily distinguishable from and in no way in conflict with the case at bar. The instant case is a suit for declaratory relief under G. L. c. 231A by *owners adjacent* to rezoned premises who contend that the rezoning was invalid. The *Sisters of the Holy Cross* case, on the other hand, was a suit for declaratory relief under G. L. c. 231A by the *owner* of premises who contended that it was not subject to the by-law and that it was entitled to a permit. The latter case is plainly governed by G. L. c. 240, § 14A, which, as the majority point out, expressly authorizes owners of freehold estates in possession "to petition the Land Court for a determination of the validity of zoning enactments affecting their land or structures thereon." That type of petition was held in the case of *Sisters of the Holy Cross* to be within the exclusive jurisdiction of the Land Court under G. L. c. 185, § 1 (j½).[2]

---

[1] "The owner of a freehold estate in possession in land may bring a petition in the land court against a city or town wherein such land is situated, which shall not be open to objection on the ground that a mere judgment, order or decree is sought, for determination as to the validity of a municipal ordinance, by-law or regulation, passed or adopted under the provisions of sections twenty-five to thirty A, inclusive, of chapter forty or under any special law relating to zoning, so called, which purports to restrict or limit the present or future use, enjoyment, improvement or development of such land, or any part thereof, or of present or future structures thereon, including alterations or repairs, or for determination of the extent to which any such municipal ordinance, by-law or regulation affects a proposed use, enjoyment, improvement or development of such land by the erection, alteration or repair of structures thereon or otherwise as set forth in such petition. . . . The court may make binding determinations of right interpreting such ordinances, by-laws or regulations whether any consequential judgment or relief is or could be claimed or not."

[2] "The land court shall be a court of record. It shall have exclusive original jurisdiction of the following matters: . . . Petitions under section fourteen A of chapter two hundred and forty to determine the validity and extent of municipal zoning ordinances, by-laws and regulations." This statute was not cited by the court in *Robinson* v. *Commonwealth*, 335 Mass. 630, 632, wherein it was suggested that a landowner who can proceed under G. L. c. 240, § 14A, can alternatively proceed under G. L. c. 231A for the same purposes. However, none of the decisions cited for that proposition in the *Robinson* case involves G. L. c. 231A, and, in view of the holding in the *Sisters of the Holy Cross* case, the suggestion in *Robinson* cannot be sustained.

We went to considerable length in that case to clarify the procedural situation and to explain why we did not decide the issue of jurisdiction in previous decisions of this court wherein we heard cases brought under G. L. c. 231A. The instant case, not involving *owners* of freehold estates but involving *adjacent* owners, has nothing to do with G. L. c..240, § 14A, and, hence, does not fall within the exclusive jurisdiction of the Land Court. We observed this distinction in *Noonan* v. *Moulton,* 348 Mass. 633, 637, by stating that the *Sisters of the Holy Cross* case "applied to the petitioner's own property" while the plaintiffs in the *Noonan* case sought "to ascertain the validity of a zoning by-law as applied to land of others.". Now, the majority wish to ignore that distinction.

The rationale advanced by the majority for this sudden reversal is that "[i]t would be anomalous . . . to exclude landowners from the right which all others at interest would have to seek declaratory relief under G. L. c. 231A, and to do so because of a statute enacted before the general principle of declaratory relief had been adopted. See G. L. c. 231A, § 9."

I discern no anomaly in restricting these landowners to the exclusive remedy provided by the Legislature in G. L. c. 240, § 14A, and do not see what "right" of any significance has been denied to such landowners by the holding in the *Sisters of the Holy Cross* case. That holding requires merely that landowners, in certain matters affecting their own land, must proceed in the Land Court under G. L. c. 240, § 14A. In such matters, they can there obtain the same kind of relief that can be obtained by others in the Superior Court under G. L. c. 231A. The difference, if any, between proceedings in the Land Court and proceedings in the Superior Court is too miniscule in this regard to impel us to abrogate the legislative determination that the Land Court "shall have exclusive original jurisdiction of . ¡ . [p]etitions under . . . [G. L. c. 240, § 14A] to determine the validity and extent of municipal zoning ordinances, by-laws and regulations." G. L. c. 185, § 1 (j½).

This language, as we said in *Sisters of the Holy Cross,* *supra,* at 490, is "simple and unambiguous."

The statement of the majority, that "[g]iving landowners, in cases of actual controversy, a right alternative to that given by c. 240, § 14A, does not invade the exclusive jurisdiction of the Land Court of proceedings under that statute," is, in my view, an assertion unsupported by authority and contrary to fact.  I have already shown (see footnote 2, *supra*) that the suggestion of the *Robinson* case, cited by the majority in support of this assertion, cannot be sustained.   The other case cited therefor, *Meenes* v. *Goldberg,* 331 Mass. 688, does not involve a statute conferring exclusive jurisdiction on a particular court, and is hence totally inapposite to the issue here before us.   Indeed, the language of the *Meenes* case itself suggests this: "Commonly relief under . . . [c. 231A] should not be denied because of the possibility of some other form of remedy, if the case presented comes within the general scope of the chapter *and no special reasons exist against the use of the declaratory process"* (emphasis added).   Contrary to the assertion of the majority quoted above, the *exclusive* jurisdiction of the Land Court of cases of actual controversy embraced by c. 240, § 14A, has now, by a stroke of dictum, become *concurrent* with that of the Superior Court under c. 231A.   Consequently, not only has c. 185, § 1 (j½), thus been rendered nugatory, but serious doubt has also been cast on the status of other matters of actual controversy embraced by c. 185, § 1, which are there specified to be within the exclusive jurisdiction of the Land Court.   That the Legislature there meant what it said by the use of the phrase "exclusive . . . jurisdiction" is evident from the additional provision therein for jurisdiction in the Land Court of certain other matters *concurrent with* the Supreme Judicial Court and the Superior Court.   G. L. c. 185, § 1 (k) through (n).

It is no answer to assert that the phrase "exclusive original jurisdiction" does not mean what it says because it appears in a statute "enacted before the general principle

of declaratory relief [under G. L. c. 231A] had been adopted.'' We should expect that the Legislature is aware of its prior enactments, and that any modification or repeal of them would be done either explicitly, or implicitly by the subsequent enactment of conflicting laws. But there is no explicit modification or repeal of G. L. c. 185, § 1 (j½);[3] and no provision in G. L. c. 231A is in conflict therewith. In this latter connection, G. L. c. 231A, § 9, cited by the majority, states: ''This chapter is declared to be remedial. Its purpose is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered. Nothing in this chapter shall be held to affect the jurisdiction of the land court, and the procedure established hereby shall be in addition to any other procedure for declaratory relief.'' When this statute was enacted the landowner had no need for any remedial legislation. His rights, duties, status and other legal relations were afforded relief from uncertainty and insecurity by the exclusive remedy provided by c. 240, § 14A. Furthermore, I think that the language of c. 231A, § 9, is too ambiguous to require a conclusion that the exclusive original jurisdiction of the Land Court under G. L. c. 240, § 14A, has been abrogated by the Legislature. It is certainly too weak and tenuous a base from which to overturn recent decisions of this court, especially when the only rationale for doing so is a conceptual one, and when the only result of doing so is not to realize any principle of justice but merely to provide another forum in situations where the existing forum has not been shown to be inadequate.

If it is the intention of the majority to clarify or to reconcile the procedural questions, I think it fails abjectly. In my view, the net result of the unnecessary reference to the case of the *Sisters of the Holy Cross* is confusion, not clarification.

---

[3] In fact, c. 185, § 1, was before the Legislature as recently as 1962, when clause (n) was added. St. 1962, c. 722, § 1. Nothing else was changed. I believe it fair to infer that the absence of change in the exclusive jurisdiction of the Land Court under c. 185, § 1 (j½), when c. 231A was enacted was deliberate, and that the Legislature intended to preserve that jurisdiction.