COMMONWEALTH vs. JOSEPH V. SICILIANO.

Middlesex. October 4, 1994. - May 9, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Jury and Jurors. Constitutional Law*, Jury. *Practice, Criminal*, Jury and jurors, Place of trial, Required finding. *County*, Courts. *Motor Vehicle*, Operating under the influence.

This court declined to consider constitutional claims in a criminal case that were not raised in proceedings below. [305-306]

There was no conflict between the jury selection procedures set forth in G. L. c. 218, § 27A (*b*) and G. L. c. 234A, § 3, and an administrative order of the Chief Justice of the District Court Department that transferred certain first instance jury (criminal) cases arising in Suffolk County to Middlesex County for trial before juries drawn from the Middlesex County venire. [307]

Sufficient evidence was presented at a criminal trial to warrant the jury's verdicts of guilty. [307-308]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on November 24, 1992.

On transfer to the jury session of the Cambridge Division, the case was tried before *Jonathan Brant*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John A. Baccari* for the defendant.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.

*Steven A. Jonas & Ozell Hudson, Jr.*, for Lawyers' Committee for Civil Rights Under Law of the Boston Bar Association & others, amici curiae, submitted a brief.

LYNCH, J. The defendant appeals from his convictions of operating a motor vehicle while under the influence of intoxicating liquor and operating a motor vehicle so as to endanger, arguing that the trial judge improperly denied his mo-

tion to dismiss the charges against him based on the improper transfer of his case to the Cambridge jury-of-six session and because the evidence was insufficient to warrant his conviction of operating to endanger. We transferred the case here on our own motion, and now affirm the defendant's convictions.

1. *The facts.* On the evidence presented, the jury could have found the following facts. On November 25, 1992, at approximately 1:25 A.M., while patrolling a parking lot in Revere, Sergeant Daniel Wicks of the State police heard a loud scraping noise coming from an approaching black Honda Accord automobile. As the automobile passed Sgt. Wicks, he noticed that it had either heavy body damage or a flat tire. Sgt. Wicks then got into his cruiser and followed the automobile. After approximately one-half mile, Sgt. Wicks observed the automobile swerving so as almost to strike a traffic island and crossing into the opposite traffic lane while making an overly wide turn. Sgt. Wicks then signalled for the defendant to pull over, and noticed that the defendant's automobile appeared to have been in an accident. When asked to produce his license and registration, the defendant's movements were clumsy, and Sgt. Wicks smelled a strong odor of alcohol coming from the automobile. After conducting field sobriety tests and determining that the defendant was extremely intoxicated, Sgt. Wicks placed the defendant under arrest and transported him to the State police station.

2. *Procedural background.* On November 25, 1992, the defendant was charged with motor vehicle offenses which occurred in Revere, a city within Suffolk County.[1] On December 11, 1992, after being arraigned before the Chelsea Division of the District Court Department sitting in Cambridge,

---

[1]The defendant was charged with the following: (1) operation of a motor vehicle while under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1992 ed.); (2) operation of a motor vehicle negligently so as to endanger the lives or safety of the public in violation of G. L. c. 90, § 24 (1992 ed.); (3) operation of a motor vehicle contrary to a license restriction in violation of G. L. c. 90, § 10 (1992 ed.); and (4) a civil marked lanes violation.

the defendant elected a first instance jury trial.[2] Pursuant to an order issued by the Chief Justice of the District Court Department (Chief Justice), the defendant's trial was scheduled to be held in the Cambridge jury session instead of the jury-of-six session at the Boston Municipal Court in Suffolk County.[3] On March 1, 1993, the defendant filed a motion to dismiss the charges against him based on the improper transfer of his case from Suffolk County to Middlesex County.

The defendant argues that he had a constitutional and statutory right to be tried before a jury drawn solely from residents of Suffolk County, and more specifically, residents of Chelsea and Revere. He contends that, although G. L. c. 218, § 27A (*b*), as appearing in St. 1992, c. 133, § 557 (effective July 1, 1992),[4] expressly authorized jurors from the Middlesex County venire to hear his case, that being tried before a jury drawn exclusively from the Middlesex County venire violated the Sixth Amendment to the United States Constitution, art. 12, and art. 13 of the Massachusetts Declaration of Rights, and certain statutory provisions.

[2]On March 5, 1992, citing unsafe conditions, the Justices of the Supreme Judicial Court closed the Chelsea District Court facility in Chelsea, and transferred its judicial operations to an available trial court facility in Cambridge. See *Smith* v. *Commonwealth*, *ante* 291, 292 (1995).

[3]In August, 1992, pursuant to G. L. c. 218, § 27A (*b*), as appearing in St. 1992, c. 133, § 557 (effective July 1, 1992), the Chief Justice ordered the Cambridge jury session to hear all criminal jury trials commenced in the Chelsea District Court, involving de novo appeals and waivers of first instance jury trials. Pursuant to the same statute, the Chief Justice also ordered these jury trials to be conducted by Middlesex County jurors. As a result of the Chief Justice's order, the defendant's trial was scheduled to be heard in the Cambridge jury session in Middlesex County.

[4]General Laws c. 218, § 27A (*b*), as appearing in St. 1992, c. 133, § 557, states: "For each county, the administrative justice of the district court department shall designate one or more divisions located in that county or an adjoining county for the purpose of hearing cases appealed to a jury of six. Appeals from divisions within Suffolk county shall be held in the Boston municipal court department or, at the designation of the administrative justice of the district court department, in one or more divisions located in Suffolk county or an adjoining county. . . . Jurors shall be drawn from the county in which the trial is held."

3. *Constitutional claims.* The defendant's constitutional claims were not raised below and we therefore decline to consider them for the first time on appeal. *Commonwealth* v. *Thomas*, 401 Mass. 109, 114 (1987). Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). We note, nevertheless, that it is a doubtful proposition to rely on geographical groups, such as residents of either Chelsea or Revere, as the basis of a Sixth Amendment claim. See *Commonwealth* v. *Duteau*, 384 Mass. 321, 329-330 (1984) (stating geographical group not sufficiently distinct for successful Sixth Amendment challenge); *Zicarelli* v. *Dietz*, 633 F.2d 312, 315-316 (3d Cir. 1980), cert. denied, 449 U.S. 1083 (1981) (holding residents of Hudson County merely geographical group not subject to Sixth Amendment protection); *United States* v. *Foxworth*, 599 F.2d 1, 3-4 (1st Cir. 1979) (holding that registered voters of various cities and towns not cognizable group for Sixth Amendment purposes); *United States* v. *Test*, 550 F.2d 577, 582 & n.4 (10th Cir. 1976) (stating absent systematic exclusion of cognizable group in community, mere geographical imbalance does not violate constitutional requirements); *United States* v. *Butera*, 420 F.2d 564, 571-572 (1st Cir. 1970) (holding residents of counties do not hold "distinct" opinions from residents of neighboring counties), overruled on other grounds, *Barber* v. *Ponte*, 772 F.2d 982 (1st Cir. 1985), cert. denied, 475 U.S. 1050 (1986).

His art. 12 claim would appear to be similarly deficient. In *Commonwealth* v. *Aponte*, 391 Mass. 494, 506 (1984), we stated that "[t]he groups which art. 12 protects and which cannot form the  basis for juror exclusion are the same classes referred to in art. 1 of the Massachusetts Declaration of Rights." See *Commonwealth* v. *Bastarche*, 382 Mass. 86, 101 (1980); *Commonwealth* v. *Soares*, 377 Mass. 461, 489, cert. denied, 444 U.S. 881 (1979). The defendant does not base his art. 12 claim on membership in any such class.

The defendant's art. 13 claim[5] is also of questionable validity. In reviewing legislation that permitted transfer of criminal cases from one county to an adjacent county, the Justices opined that art. 13 "allows the Legislature discretion, consistent with the public interest and the interests of justice, to establish venue requirements for criminal trials" and such legislation does not violate art. 13. *Opinion of the Justices*, 372 Mass. 883, 897-898 (1977).

4. *G. L. c. 234A claim.* The defendant claims that G. L. c. 218, § 27A (*b*), and the Chief Justice's memorandum and order which resulted in the defendant being tried before a jury drawn exclusively from the Middlesex County venire both "are at odds with G. L. c. 234A." The defendant contends that, under G. L. c. 234A (1992 ed.), he "should have been afforded a jury pool which included residents of Chelsea and Revere." As the Commonwealth points out, nothing in that chapter entitled the defendant to such a venire. Moreover, the directive in § 27A (*b*) that jurors shall be drawn from the county in which the trial is held does not conflict with the procedures set forth in G. L. c. 234A, § 3, which states that jurors "shall be selected at random from the population of the judicial district in which they reside."

5. *Denial of the defendant's motion for a required finding of not guilty.* There is sufficient support for a denial of a motion for a required finding of not guilty when "the Commonwealth produce[s] enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime [is] present." *Aucella* v. *Commonwealth*, 406 Mass. 415, 416 (1990), quoting *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). Here the Commonwealth produced evidence that the defendant drove while intoxicated, made a wide turn, crossed into the opposite traffic lane, swerved back and forth across the roadway, and nearly struck a traffic

[5]Article 13 of the Massachusetts Declaration of Rights provides in pertinent part: "In criminal prosecutions, the verification of facts in the vicinity where they happen, is one of the greatest securities of the life, liberty, and property of the citizen."

island. There was sufficient evidence to overcome the defendant's motion.

*Judgments affirmed.*

*Order denying motion for
    required finding affirmed.*