Paul K. DONOVAN,

v.

TOWN OF EDGARTOWN, MASSACHUSETTS.

Civil Action No. 07–10019–RGS.

United States District Court, D. Massachusetts.

Aug. 6, 2008.

---

Derek B. Domian, Denis M. King, Richard W. Renehan, Goulston & Storrs, PC, Boston, MA, Michael A. Goldsmith, Reynolds Rappaport & Kaplan LLP, Edgartown, MA, for Town of Edgartown, Massachusetts.

Joel E. Faller, The McLaughlin Brothers, LLP, George A. McLaughlin, III, The McLaughlin Brothers, P.C., Boston, MA, for Paul K. Donovan.

*MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION*

STEARNS, District Judge.

The motion to reconsider is *DENIED*.[1] Defendants miss the point entirely. Federal Rule of Civil Procedure 71.1(k) addresses one issue: whether a federal court in a diversity condemnation case is required to honor a State's decision to have compensation fixed by a jury. (It is open to a State to consign the decision to a commission instead). If the jury right is conferred, a federal court must respect it. Rule 71.1(k) says nothing that could be construed as binding a federal court to apply a State's procedural rules or customary practices in selecting and empaneling a jury. To take a simple example: a federal civil jury consists of a panel of six jurors and they must be unanimous in their verdict. A Massachusetts Superior Court civil jury consists of twelve persons (or fewer by stipulation) and need not be unanimous. *See* Mass. R. Civ. P. 48. If one follows defendants' logic to its conclusion, a federal court in a diversity condemnation case would be required to mimic these state rules as well as the State's practice in assembling the venire. This is contrary to the power given federal judges to oversee the jury process. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 623, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (In the federal system, the trial judge "exercises substantial control over *voir dire*.... The judge determines the range of information that may be discovered about a prospective juror and ... judges may even conduct the entire *voir dire* by themselves.").

 What Rule 71.1(k) protects is a substantive right. Trial by jury is such a

---

1. *See Donovan v. Town of Edgartown,* 2008 WL 2856418 (D.Mass. July 25, 2008) (Order on Town of Edgartown's Motion for Order to Require Trial In Dukes County Before Jury Comprised of Dukes County Residents).

right under State and Federal law. The Fifth and Sixth Amendments and art. 12 of the Declaration of Rights guarantee in criminal cases a jury selected in such a way that no "distinctive" group in the community is underrepresented "due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Geographical groups, such as the residents of a particular town or county, are not distinctive groups under either the Federal or the State Constitution. *See United States v. Ashley,* 54 F.3d 311, 315 (7th Cir.1995); *Commonwealth v. Siciliano,* 420 Mass. 303, 306–307, 649 N.E.2d 741 (1995). By extension, the same rules apply to civil cases. *Cf. Edmonson,* 500 U.S. at 628, 111 S.Ct. 2077.

Whatever might be current Massachusetts state practice, defendants do a feeble job of reading Mass. Gen. Laws ch. 234A, § 2. Contrary to defendants' interpretation, this section of the General Laws (which is administrative in nature) contains no mandate that jurors must be drawn from and serve only in the judicial district (usually the county) in which they live. The final sentence of section 2 explicitly provides that "[t]here shall be no proscription against citizens of certain cities and towns being eligible or subject to perform grand or trial juror service in more than one judicial district." This exception was written into section 2 (a 1982 statute), for

among other apparent purposes, to preserve the provisions in section 13 (enacted in 1852) to accommodate the special needs of Dukes County.[2] As an elementary principle of statutory construction, a repeal of an existing law will not be readily inferred absent an express legislative directive. *Woods v. City of Newton,* 349 Mass. 373, 384, 208 N.E.2d 508 (1965) ("We should expect that the Legislature is aware of its prior enactments, and that any modification or repeal of them would be done either explicitly, or implicitly by the subsequent enactment of conflicting laws.").

Finally, defendants insistence that writs of venire facias "are no longer used" again misses the mark (although I note that the writ has never been repealed). It may be that Massachusetts practice has changed. That is the State's privilege. That does not, however, alter the Jury Plan of the Federal Court, which provides that the venire for cases tried in this court is to be drawn from the whole of the Eastern Division of the District of Massachusetts (which includes Dukes County).[3]

SO ORDERED.

2. Mass. Gen. Laws ch. 234, § 14, the special provision for jury service in Bristol County (enacted in 1878), was written into the General Laws to serve a different purpose than section 13. It was intended to provide a mechanism permitting citizens of Dukes and Nantucket Counties, where few jury trials were held in the nineteenth century, to serve as jurors in Bristol County as a matter of right.

3. Even if defendants are correct in their interpretation of the non-binding comment of the Rules Advisory Committee on the rela-

tionship between Rule 71.1(k) and the Erie doctrine, the point remains that neither the Legislature nor the Supreme Judicial Court deems exclusive access to a Dukes County jury pool to be a substantive right of a litigant. The comment clearly states that the Rule "accepts the state law as to the tribunals to fix compensation, *and in that respect* leaves the parties in precisely the same situation as if the case were pending in a state court, including the use of a commission with appeal to a jury, if the state law so provides." (Emphasis added). Rule 71.1(k) is silent as

to jury composition or any other procedural issue. Defendants have been unable to cite any Massachusetts (or federal) authority that says otherwise.