WARREN E. McCARTHY, trustee, *vs.* WOBURN HOUSING
AUTHORITY.

Middlesex.   November 7, 1960. — December 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Eminent Domain,* Security for damages, Validity of taking.  *Jurisdiction,*
Exhaustion of statutory remedy.  *Words,* "Any security."

Where a housing authority in a city, before taking land by eminent
domain, deposited with the mayor of the city under G. L. c. 121,
§ 26P (b) and c. 79, § 40, a contract for State financial assistance
executed by the State Housing Board as security satisfactory to the
mayor that the damages awarded for the taking would be paid, the
sole remedy of the owner of the land in claiming that the contract
was not "security" at all within the meaning of § 40 was to file
a petition with the mayor under § 40 challenging the sufficiency of the
security, and, not having availed himself of that remedy, he could not
maintain a writ of entry against the authority on the ground that the
taking was void for noncompliance by it with § 40.

WRIT OF ENTRY, filed in the Land Court on March 27, 1957.
The case was heard by *Cotton, J.*

*Philip B. Buzzell, (George H. Kidder* with him,) for the
demandant.

*George P. Lordan,* for the tenant.

SPALDING, J.   This writ of entry is brought to recover
three parcels of land taken for a housing project.   It is
grounded on an alleged illegal taking.   The decision below
was for the tenant.   The case is here on exceptions by both
parties.

The judge made findings of fact which we summarize as
follows: In 1952 the Woburn Housing Authority (herein-
after called the tenant) submitted to the State Housing
Board an application for State financial assistance for a
housing project under G. L. c. 121, which was designated
State-Aided Project 200–3.   It was to be constructed, in
part, on the demandant's land.   On December 31, 1952, a

contract for State financial assistance was signed by the State Housing Board guaranteeing the notes to be issued by the tenant to finance the project. This contract was executed in quadruplicate and was signed by the mayor of Woburn, who retained one of the copies. Several amendments to the contract, not here relevant, were subsequently made in like manner. On March 15, 1954, the State Housing Board, specifically referring to the demandant's land, informed the tenant that it was authorized to make takings by eminent domain and that the practice was to give the contract for financial assistance as security for such takings.

By an order of taking dated April 29, 1954 (duly recorded May 17, 1954), the tenant made a taking in fee of four parcels of vacant land, three of which were owned by the demandant as trustee. The order of taking contained a recital that in accordance with G. L. c. 121, § 26P (b), and G. L. c. 79, § 40, the housing authority had deposited with the mayor of Woburn security to his satisfaction for the payment of such damages as might be awarded for the takings. The demandant received due notice of the taking and thereafter brought a petition for the assessment of damages under G. L. c. 79. This petition has never been heard on the merits and is still pending.

The principal issues in the court below were (1) whether the demandant by bringing his petition for the assessment of damages foreclosed his right to challenge the legality of the taking, and (2) whether the taking was illegal by reason of noncompliance with the provisions of G. L. c. 121, § 26P, and c. 79, § 40, requiring security. The judge ruled, subject to the tenant's exception, that the demandant by bringing his petition was not precluded from attacking the legality of the taking. He also ruled, subject to the demandant's exception, that the security requirements of the above mentioned statutes had been satisfied.

Section 26P (b) of G. L. c. 121 provides that in an eminent domain taking by a housing authority c. 79, § 40, shall apply "except that the security therein required shall be deposited with the mayor of the city . . . in which the

property to be taken is situated.'' Section 40 of c. 79 provides, ''Before a taking is made or injury inflicted by a private corporation for which damages may be recovered under this chapter, such corporation shall give to the board of officers by whom such damages are to be awarded security to their satisfaction for the payment of all damages and costs which may be awarded by them or by the court for the land or other property taken or injured; and if, upon petition of the owner and notice to the adverse party, any security taken appears to them to have become insufficient, they shall require the corporation to give further security to their satisfaction. If the corporation fails to comply with this section any person entitled to such damages may treat the taking of his property . . . as void.''

The judge ruled that the contract of financial assistance, as amended, executed by the State Housing Board and deposited with the mayor of Woburn satisfied the security requirements of § 40. The correctness of this ruling is brought here by the demandant's bill of exceptions. The demandant's position is in substance this. The contract for financial assistance was entered into pursuant to the provisions of § 26NN of c. 121. This section authorized the State Housing Board to do no more than to guarantee the ''notes and/or bonds of the housing authority issued to finance the cost of a housing project or projects, and annual contributions by the commonwealth.'' Under subsection (b) of § 26NN it is required that each contract for financial assistance contain the provision ''that the annual contributions shall be used for the payment of interest on, and principal of, notes and/or bonds of the housing authority.'' In view of these provisions, it is said, the funds contributed by the Commonwealth by way of financial assistance could not be diverted to the payment of any judgment or award which the tenant might be obligated to pay for land takings. Thus, it is argued, the contract for financial assistance here, which complied with § 26NN, was not the security contemplated by § 40.

In our view of the case it is unnecessary to pass upon the soundness of this argument, for the trial judge also rested

his decision on another ground, which we think is decisive. He ruled, as requested by the tenant and subject to the demandant's exception, that if the demandant was not satisfied with the security, his remedy was to file a petition with the mayor to have it increased. The ruling was right. It is to be noted that G. L. c. 79, § 40, read with c. 121, § 26P (b), provides that "if, upon petition of the owner and notice to the adverse party, any security taken appears to . . . [the mayor] to have become insufficient, . . . [he] shall require the corporation to give further security to . . . [his] satisfaction." We are of opinion that in view of this provision the demandant's remedy — and his sole one — if he did not regard the assistance contract as sufficient security, was to proceed under the provisions, just quoted, of § 40. To construe the statute otherwise would permit one whose property has been taken to sit by while a project goes forward and then, after extensive improvements at great expense have been made, to step in and retake the land on the basis of a defect in the taking which could easily have been cured. We cannot believe that the Legislature intended such a result. "A construction of . . . [a statute] that would lead to an absurd and unreasonable conclusion is not to be adopted where its language is fairly susceptible to a construction that would lead to a logical and sensible result." *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 489. *Berube* v. *Selectmen of Edgartown,* 336 Mass. 634, 639. See *Abbott* v. *New York & N. E. R.R.* 145 Mass. 450, 451. The demandant argues that the remedy prescribed by the provisions of § 40 under consideration is available only when it is found that "any security taken appears . . . to have become insufficient" and here the contract for financial assistance and its amendments were never at any time "security" of the required form. Although there is plausibility to this argument, it must fail. Here the contract was considered as security by the mayor, the housing authority and the State Housing Board. And the order of taking recited that security had been furnished in compliance with the statutes. If the demandant had

petitioned the mayor he could then have raised the questions whether there was enough security and whether the security given was in fact security. The words "any security" need not be applicable solely to security which is found to satisfy the requirements of § 40. In its context it seems more reasonable to hold that if a person whose land has been taken has any doubts about the nature and extent of the security, he must first use the procedure set forth in § 40.

Since the demandant did not pursue his exclusive statutory remedy, he has no standing to maintain the present proceeding. We have considered all of the questions argued by the demandant and have dealt with such of them as require discussion.

Inasmuch as the demandant's exceptions must be overruled, it is unnecessary to deal with the tenant's exceptions.

*Demandant's exceptions overruled.*
*Tenant's exceptions dismissed.*