ALEXANDER M. CLARK & another *vs.* BOARD OF APPEALS
OF NEWBURY & others.

Essex.   December 11, 1964. — February 1, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Zoning,* Special permit, Validity. *Equity Jurisdiction,* Zoning.

In a town's zoning by-law establishing agricultural-residential and indus-
trial zoning districts, a provision empowering the selectmen to grant
special permits under G. L. c. 40A, § 4, for "commercial or industrial
structures" in the agricultural-residential districts upon determination
by the selectmen after hearing that the proposed businesses or industries
would be "for the best interests of the Town and not injurious or ob-
noxious to the neighboring properties" was invalid. [408–409]

In a suit in equity by residents and landowners in a town under G. L.
c. 40A, § 21, by way of appeal from a decision by the zoning board of
appeals upholding the granting of a special permit by the selectmen
under § 4 and a certain provision of the town's zoning by-law, the
validity of such provision was open, and, where it was invalid, a decree
annulling the decision of the board of appeals on that ground was
proper and was affirmed on appeal to this court. [408, 409]

BILL IN EQUITY filed in the Superior Court on July 26,
1963.

The suit was heard by *Brogna,* J.

*Bernard J. Lojko* for the defendants.

*Harvey Beit* for the plaintiffs.

REARDON, J.   In 1959 the town of Newbury adopted a
zoning by-law which provided for two types of use dis-
tricts, agricultural-residential and industrial.   The defend-
ant Walton Bros. Inc. (Walton) had, prior to the adoption
of the zoning by-law, erected a one story building in an agri-
cultural-residential district.   This building was utilized for
commercial purposes and was occupied at the time of the
passage of the by-law only by Walton.   Subsequent thereto
it was tenanted by a pharmacy and a barber shop.   In 1963
Walton applied to the board of selectmen for a permit to
construct an addition to its building for a doctor's office.
Thereafter the zoning board of appeals of the town upheld

the action of the board of selectmen in granting the permit under § 4, A (3), of the by-law which reads: "Commercial or industrial structures may be erected with permission of the Selectmen, but no permit shall be granted until by public hearing the Selectmen are assured that the proposed business or industry is for the best interests of the Town and not injurious or obnoxious to the neighboring properties."[1]

From this decision the plaintiffs, residents and owners of real estate in the town, appealed under G. L. c. 40A, invoking §§ 2, 3, 4, and 15.

The judge made findings of fact, including therein a statement that "The zoning by-law of the Town of Newbury makes no provision for the extension, alteration or enlargement of a non-conforming use." From a final decree annulling the decision of the board of appeals on the ground that § 4, A (3), is invalid, the defendants have appealed. The evidence is reported.

The principal issue presented is whether § 4, A (3), violates G. L. c. 40A, § 4,[2] the enabling statute, in that it fails to designate standards sufficient to serve as guides in the issuance of permits. See *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, 117–118, and cases cited.

We are of opinion that the disposition of the appeal is governed by *Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341, 342–344. In that case a zoning ordinance pur-

---

[1] This provision was one of the "Use Regulations" applicable in the agricultural-residential districts. REPORTER.

[2] "A zoning ordinance or by-law may provide that exceptions may be allowed to the regulations and restrictions contained therein, which shall be applicable to all of the districts of a particular class and of a character set forth in such ordinance or by-law. Such exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained. The board of appeals established under section fourteen of such city or town, or the city council of such city or the selectmen of such town, as such ordinance or by-law may provide, may, in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit to make use of his land or to erect and maintain buildings or other structures thereon in accordance with such an exception. Before granting such a special permit the board of appeals, or the city council or the selectmen if the ordinance or by-law so provides, shall hold a public hearing thereon, notice of which shall be given in accordance with section seventeen."

ported to empower the city board of appeals to permit the "alteration and use as a residence for not more than six families of any building or structure . . . in any district" provided the cubical content of the building was not increased nor the outside structure enlarged. In striking down the ordinance the court emphasized the discriminatory effect caused by the extension of unlimited powers to the board of appeals which could eventually destroy the principles underlying zoning. In this case, under a by-law containing no provision "for the extension, alteration or enlargement of a non-conforming use" (see *Wrona* v. *Board of Appeals of Pittsfield,* 338 Mass. 87, 89), the selectmen have received a broad commission permitting them to approve the erection of "commercial or industrial structures" without limit save as in their judgment they may consider such structures not in "the best interests of the Town" or injurious or obnoxious to neighbors. They are the recipients of a power to indulge in spot zoning which directly contravenes the basic objective of the enabling statute. Section 4, A (3), cannot be allowed to stand and thus, on this appeal which is properly before us (*Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341, 343; *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230), the entry must be

*Decree affirmed.*