ADDISON-WESLEY PUBLISHING COMPANY, INC. *vs.* TOWN OF READING & others.

Middlesex.    January 4, 1968. — April 15, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Land Court,* Jurisdiction, Zoning. *Equity Jurisdiction,* Zoning, Declaratory relief. *Zoning,* Validity, Amendment of by-law or ordinance, Height restriction.

The Land Court had jurisdiction of a proceeding by a landowner under G. L. c. 240, § 14A; c. 185, § 1 (j½), to determine the validity of an amendment of a zoning by-law which would make less stringent a zoning restriction applicable to that land. [184–185]

With respect to a small business zoning district in a town, the only developed business zone on a certain main State highway, subject to the zoning restrictions that "(a) No building shall exceed a height of twenty-five . . . feet within one hundred . . . feet of a Residential zone. (b) No building shall exceed a height of forty-five . . . feet within one hundred fifty . . . feet of a Residential zone. (c) No building shall exceed a height of sixty . . . feet," an amendment of such restrictions six months after the adoption thereof providing

that "No building shall exceed a height of eighty-five . . . feet" and that (a) and (b) above "shall not apply when the applicable measuring distance to the nearest point of the residential zone crosses a public way, or portion thereof," was properly found by a judge of the Land Court to be within the standards imposed by G. L. c. 40A, §§ 2 and 3, and valid, even though there had been no physical changes in the district in the six months period, upon a proceeding to determine the validity of the amendment by a text book publisher which owned two-thirds of the land in the zone and contemplated constructing on its land a new office building eighty-two feet in height set back one hundred twenty-six feet from a public way and approximately one hundred forty-six feet from a residential zone across the way. [186]

PETITION filed in the Land Court on July 22, 1965.

The case was heard by *Hettrick*, J.

*Avram G. Hammer* (*Gregory H. Arabian* with him) for the interveners.

*John R. Hally* (*Robert L. Dancy* with him) for the petitioner.

*James W. Killam, III*, Town Counsel, for the Town of Reading.

REARDON, J. This petition was brought in the Land Court under G. L. c. 240, § 14A, and G. L. c. 185, § 1 (j ½), to determine the validity of a 1965 amendment to the zoning by-law of the town of Reading. The findings of the judge are summarized.

The petitioner is a Massachusetts corporation engaged in the publication of textbooks, and owning land in a Business C district, the only district so classified under the town's zoning by-law. The interveners own homes "neighboring the Business C district." The permitted uses within such a district include among others the erection and employment of office and professional buildings, wholesale business and storage, and publishing, printing, and binding. Certain restrictions relative to Business C land use relate to the setback of buildings from street lines, size of buildings relative to lot sizes, off street parking, and loading areas.

At a town meeting held on October 26, 1964, § XI of the zoning by-law was amended to provide as follows: "SECTION XI: 1. In a business A or B district no building shall exceed four (4) stories or forty-five (45) feet in height. 2. In

a Business C District (a) No building shall exceed a height
of twenty-five (25) feet within one hundred (100) feet of a
Residential zone.   (b) No building shall exceed a height of
forty-five (45) feet within one hundred fifty (150) feet of a
Residential zone.   (c) No building shall exceed a height of
sixty (60) feet." At a town meeting held on April 26, 1965,
it was voted to amend § XI by changing subheading (c) of
paragraph 2 to read, "No building shall exceed a height of
eighty-five (85) feet," and by adding to paragraph 2 a new
subheading (d) reading as follows: "Except that provisions
a. and b. of paragraph 2 shall not apply when the applicable
measuring distance to the nearest point of the residential
zone crosses a public way, or portion thereof." This amend-
ment was approved by the Attorney General and became
effective June 4, 1965.   On July 22, 1965, the petitioner
filed this petition, and on September 30, 1965, applied for
and received a building permit to construct an office building
eighty-two feet in height set back 126 feet from a public
way.[1]   This building was under construction at the time
of the hearing on the petition.

The petitioner has occupied its land, now approximately
eighteen and one-half acres in amount, since 1956, and has
erected in that time three buildings, to one of which an addi-
tion was constructed in 1962.   Its land is bounded on the
south by Route 128, a State highway, and to the west and
north by residential property.   The exhibits indicate that
the petitioner's buildings and the land surrounding them
are well kept and present an attractive appearance.   In
addition to the petitioner, which owns about two thirds of
the land in the Business C district, there is one other busi-
ness operation in the district in a one story building, and
much of the remainder "is broken up by the clover-leaf in-
tersection of Routes 128 and 28." A public way gives ac-
cess to the petitioner's property and terminates there.   While
the interveners were not of the opinion that the petitioner's
conduct of its business prior to the erection of the eighty-

---

[1] The new office building will be approximately 146 feet from a residential
zone across the way.

two foot building had any deleterious effect on their prop-
erties they believe that they will suffer a decrease in value
of their holdings as a result of the April 26, 1965, amendment.
In answer to the petition they alleged that the Land Court
is without jurisdiction "because the by-law provision in
question does not purport to restrict or limit the petitioner's
use or enjoyment of its land but instead excepts such land
from restrictions and regulations elsewhere contained in such
by-law," because there is no controversy, and because the
court is unable to make any binding determination of right
since the petition does not describe any proposed use or
structure sufficiently. The answer also questions the right
of the town to pass the amendment since it has "no relation
to the public health, safety, convenience, morals or welfare,
of the inhabitants of the town, has no public purpose what-
ever, and is instead for the exclusive economic benefit of the
petitioner." The petitioner and the interveners filed re-
quests bearing on the points at issue which were duly passed
upon by the judge in his decision. He ruled that the Land
Court had jurisdiction of the subject matter of the petition
and overruled the interveners' demurrer which attacked it.
He also ruled that the exception contained in the new sub-
heading (d) in paragraph 2 did not violate the requirement
of uniformity as set forth in G. L. c. 40A, § 2. He found
finally that the town acted in good faith in passing the
amendment and ruled that it is valid "as it relates to the
property of the petitioner." The interveners appealed from
this decision and filed a bill of exceptions.

1. We are of opinion that the Land Court had jurisdiction
to determine the validity of the 1965 amendment to § XI of
the zoning by-law. Argument has been made by the inter-
veners that the language of G. L. c. 240, § 14A, permits a
petition for such determination only as to a by-law "which
purports to restrict or limit the present or future use . . .
of . . . land" and that the amended § XI does not consti-
tute a restriction on the petitioner in its use of its land but
rather a liberation from "previous restrictions which would
prohibit the use which the petitioner has undertaken." To

read the statute as the interveners would have us read it would on occasion produce bizarre results. The plain purpose of the statute is to afford a procedure to quiet doubts springing from by-law restrictions without regard to whether prior to the bringing of a petition they had been liberalized or tightened. The owner who may be contemplating a large investment on his land is thus provided with a thoroughly sensible means of ensuring that he is safe in going ahead. In *Pitman* v. *Medford,* 312 Mass. 618, we said at page 620, "The statute authorizes the Land Court to render a declaratory judgment on the validity of a zoning ordinance or by-law and the extent to which it affects the land of a petitioner." See *Woods* v. *Newton,* 349 Mass. 373, 376. In the light of well known principles governing statutory interpretation (see *Sun Oil Co.* v. *Director of the Div. on the Necessaries of Life,* 340 Mass. 235, 236; *McCarthy* v. *Woburn Housing Authy.* 341 Mass. 539, 542; *New York Cent. R.R.* v. *New England Merchs. Natl. Bank,* 344 Mass. 709, 713), it is clear that the Land Court had jurisdiction of the subject matter of the petition.

2. We restate the familiar principles applicable alike to a zoning by-law and to any amendments thereto. "Every presumption is to be made in favor of the by-law, and its enforcement will not be refused unless it is shown beyond reasonable doubt that it conflicts with the Constitution or the enabling statute." *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594. See *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114, 117, on amendments. We are not to substitute our judgment for that of the town meeting where the reasonableness of a zoning by-law is fairly debatable. *Burnham* v. *Board of Appeals of Gloucester, supra,* at pp. 116–117. We test the action of the town meeting of April 26, 1965, in the light of these governing principles.

3. The interveners argue strongly to us that the amendment of April 26, 1965, followed closely upon the previous amendment dealing with height restrictions in the Building C district which the town meeting had passed on October 26,

1964, and that there was no change in the character of the use of the district or in the public interest, convenience or necessity in the intervening time to justify the later amendment. This argument is buttressed by reference to a number of decisions of this court including the well known decisions in *Leahy* v. *Inspector of Bldgs. of New Bedford,* 308 Mass. 128, 132–134, *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 254, and others. However, as the petitioner has pointed out, the cited cases were principally concerned with zone changes and, in fact, in those cases reference was made to physical change as one but not a controlling factor. *Lamarre* v. *Commissioner of Pub. Works of Fall River,* 324 Mass. 542, 546. *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410, 413. We do not deal in this case with a change in the zoning of the locus but rather with a revision of the restrictions applicable to the Business C district. If, as has been said repeatedly, change is a relevant but not controlling factor in rezoning, the same concept is certainly no less applicable to change of use restrictions within a zone. To hold otherwise would be to bridle the ability of a town or city to vary such restrictions from time to time in furtherance of the general objectives of the enabling statute. The judge found that "[t]he Town Meeting may reasonably have concluded that the time was appropriate to review once again the height restrictions applicable to the Town's relatively small Business C district and to permit vertical expansion. It would be of considerable interest to the Town to seek the fullest utilization of its only developed business zone on Route 128. . . . The members of the Town Meeting could have found that business expansion in the Business C district would tend to increase property valuations in the Town, decrease taxes, provide additional employment and further the economic advancement of the Town." The judge who, prior to his decision, took a view of the locus and "the surrounding area," evidently determined that the action of the town meeting met the standards imposed by G. L. c. 40A, §§ 2 and 3, and we discern no error in his findings.

4. Assuming that the amendment produced some benefit to the petitioner and some detriment to the interveners (although the record does not make the latter clearly apparent), these factors do not invalidate the action of the town meeting which presumably considered before voting the public advantages and disadvantages springing from the proposed change. *Pierce* v. *Wellesley*, 336 Mass. 517, 522–523, and cases cited. Section XI as amended by the addition of paragraph 2 (d) appears reasonable and finds support as indicated by the petitioner in decisions of this court. *Noonan* v. *Moulton*, 348 Mass. 633, 639–640. See *Halko* v. *Board of Appeals of Billerica*, 349 Mass. 465, 471.

5. The interveners claim that the judge improperly excluded from evidence the report of the selectmen of Reading for the year 1965 which allegedly contained material relevant to the motivation underlying the passage of the amendment. The observations contained in the selectmen's report play no part in undercutting the presumption of validity of the amendment. *Caires* v. *Building Commr. of Hingham*, 323 Mass. 589, 596. *Barrett* v. *Building Inspector of Peabody*, *ante*, 38, 43.

6. For the foregoing reasons, and without further discussion, the disposition by the judge of the requests for rulings filed by the petitioner and the interveners was not in error.

*Exceptions overruled.*
*Decision affirmed.*