TREDWELL A. HARRISON & another *vs.* TOWN OF BRAINTREE.

Norfolk.   February 5, 1969. — April 14, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Land Court,* Zoning, Jurisdiction.   *Zoning,* Validity, Use for access, Exceptions.

The Land Court had jurisdiction of a proceeding by a landowner under G. L. c. 240, § 14A; c. 185, § 1 (j ½), to determine the validity of an amendment of a zoning by-law which did not apply to his land but whose application to other land affected his land directly and adversely. [655]

An amendment of a zoning by-law permitting land in residential districts to be used thereafter for "Access or egress ways, public or private, to or from land in any other district; subject to approval by the Board of Appeals" provided for an exception which was not necessarily inconsistent with the dominant purpose of residential zoning and was authorized by G. L. c. 40A, § 4, and, in connection with a section of the by-law specifying how the board should exercise its powers, was not invalid as an illegal delegation of power without the establishment of adequate standards. [655–656]

An amendment of a zoning by-law permitting land in residential districts to be used for "Access or egress ways, public or private, to or from land in any other district" in instances where residential land had been so used at the time of the adoption of the amendment was, in the circumstances, arbitrary, discriminatory, unreasonable, and invalid as applied to permit use of land fronting on a street in a residential district on both sides of a lot with a dwelling thereon for access to and egress from land in an industrial district to the rear of the lot so as to adversely affect it by noise, dust, lights, and vibration which the owner of the lot could not overcome even by substantial expenditures. [656–657]

PETITION filed in the Land Court on December 16, 1966. The case was heard by *McPartlin,* J.

*Dace J. Moore,* Town Counsel, for the respondent.

*Douglas A. Randall* for the petitioners.

*Kevin Hern, Harold M. Willcox & Walter E. Graham,* for Armstrong Cork Company & others, amici curiae, submitted a brief.

WHITTEMORE, J. This is an appeal by the town of Braintree from a decision of the Land Court on a petition under G. L. c. 240, § 14A, and c. 185, § 1 (j½), to determine the validity of the zoning by-law as amended May 25, 1966, in its effect on the land and buildings on West Street owned and occupied as their home by the petitioners. The judge in the Land Court ruled that the amendment was invalid on several grounds.

The amendment was adopted following our decision in *Harrison* v. *Building Inspector of Braintree*, 350 Mass. 559. The case had come before us on appeal from orders sustaining demurrers to a petition for a writ of mandamus to enforce the zoning by-law and to bar the use for industrial access of certain lots zoned for residential use. The allegations were that a 1954 amendment had changed from residential uses to industrial uses the classification of all the land (save the 200 foot buffer strip below described) within the bounds of four ways, one of which was West Street. The 1954 amendment excluded from its effect, and hence, as we ruled, left within the residential zone all the land within a distance of 200 feet of the street lines. Textron Industries, Inc. (Textron[1]), having acquired a large tract of land mostly in the interior industrial zone, but extending into the buffer zone, was using such land in the buffer zone, on both sides of the petitioners' property, for access to its industrial property. We held that this was industrial use, not permitted by the by-law in the residential zone, that the demurrers should be overruled, and that, if the facts as alleged were established in the Superior Court, the entry of any order for relief should be stayed for a stated period to give an opportunity for the town to take "orderly municipal action" to provide legal access.

The ensuing step taken by the town that concerns the petitioners' land was to amend the by-law to add a new use in residential districts: "Sec. II . . . 10. Access or egress

---

[1] Textron later sold the land and plant and now occupies it under a long-term lease. We will speak of it, however, as though Textron continues to own the fee.

ways, public or private, to or from land in any other district; subject to approval by the Board of Appeals, however, on such ways established after the adoption of this amendment."

The by-law specifies how the board of appeals shall exercise its power: "Sec. IX . . . Board of Appeals. 'There shall be a Board of Appeals of three members and two associate members appointed as provided in Section 14, of Chapter 40A of General Laws,' as amended, which shall act on all matters within its jurisdiction under this by-law in the manner prescribed in said section and subject always to the rules that it shall give due consideration to promoting the public health, safety, convenience, and welfare, encourage the most appropriate use of land, and conserving property values, that it shall permit no building or use injurious, noxious, offensive, or detrimental to a neighborhood, and that it shall prescribe appropriate conditions and safeguards in each case."

The judge found that the use of the petitioners' residence had been adversely affected by noise, dust, lights, and vibration, and that, although the petitioners had spent about $11,500 to overcome these factors, they had not been able fully to do so and the value of their property was substantially diminished.

The brief of amici curiae questions the jurisdiction of the Land Court. Section 14A of c. 240 provides in part: "The owner of a freehold estate in possession in land may bring a petition in the land court against a city or town wherein such land is situated . . . for determination as to the validity of a municipal ordinance, by-law or regulation . . . which purports to restrict or limit the present or future use, enjoyment, improvement or development of such land, or any part thereof, or of present or future structures thereon, including alterations or repairs, or for determination of the extent to which . . . [it] affects a proposed use, enjoyment, improvement or development of such land by the erection, alteration or repair of structures thereon or otherwise as set forth in such petition."

The primary purpose of proceedings under § 14A is to determine how and with what rights and limitations the land of the person seeking an adjudication may be used under the provisions of a zoning enactment in terms applicable to it, particularly where there is no controversy and hence no basis for other declaratory relief. *Pitman* v. *Medford,* 312 Mass. 618, 620. *Woods* v. *Newton,* 349 Mass. 373, 376–377. *Addison-Wesley Publishing Co. Inc.* v. *Reading,* 354 Mass. 181, 184–185. See *Sisters of the Holy Cross of Mass.* v. *Brookline,* 347 Mass. 486, 490–491; *Noonan* v. *Moulton,* 348 Mass. 633, 637. For the most recent of the many cases under G. L. c. 240, § 14A, brought by landowners whose land has been subjected to the zoning classification or reclassification which is attacked, see *Rosko* v. *Marlborough, ante,* 51.

In *Pierce* v. *Wellesley,* 336 Mass. 517, the Land Court proceedings were brought by a resident in the neighborhood of the land affected by a zoning amendment. The jurisdiction of the Land Court was not questioned or discussed.

Although the new subsection of the Braintree by-law applies to all the land in the town, in that it permits any lot not now used for access to be so used with the consent of the board of appeals, it is not this part of the amendment that adversely affects the petitioners' land. The first part of subsection 10 expressly changes the zoning classification of residential parcels such as Textron's in use in 1966 for access roads so as to permit such use, and this part of the amendment does not apply to the petitioners' lot. Hence the issue is whether the owner of land affected by the rezoning but not within the rezoned area may proceed in the Land Court.[2]

We deem appropriate a broad construction of c. 240, § 14A. With court dockets greatly overloaded, access to particular courts of competence in the general field should

---

[2] The petition prayed for a decree that "the enforcement of the zoning by-law against the petitioners' property restricting its uses to only those permitted in Residence A districts is unreasonable, unconstitutional, confiscatory and invalid." Broader and different issues as to validity were, however, tried and adjudicated.

not be restricted on narrow grounds and the need for attention to nonsubstantive issues should be minimized. The statute, we think, authorizes a petition by a landowner on whose land there is a direct effect of the zoning enactment through the permitted use of other land. In such a case the landowner comes to court because of the effect of the enactment on the continued "use, enjoyment, improvement or development" of his property for the purpose for which it is zoned. It should make no difference as to jurisdiction whether, as in the *Rosko* case, *supra*, the petitioners' land is within the rezoned area of which they complain (owning property which they deem adversely affected by the reclassification and by the use of other property in the area for industry) or, as here, is outside the area which the amendment reclassifies, but which is, as alleged, adversely affected. A ruling whether the amendment is valid determines whether it "affects . . . [the] use, enjoyment, improvement or development of . . . [the petitioners'] land" as a residential site. We rule that the Land Court had jurisdiction.

We hold that it was error to rule invalid the provision for the use of residentially zoned land for access to other zones with the approval of the board of appeals. Although this was industrial or business use it was a very limited nonresidential use not necessarily inconsistent with the dominant residential purpose. This contrasts with the provision in *Clark* v. *Board of Appeals of Newbury*, 348 Mass. 407, 409, where the board would have had the power to permit commercial or industrial structures in agricultural-residential districts. Use of land for access leaves the land open, and depending upon the circumstances which the board must weigh, can be found, in the particular case, not to impinge unreasonably upon the existing and prospective residential and other permitted uses. Commonly, special kinds of nonresidential use are permitted in residential districts by express provisions of the enactments,[3]

---

[3] See for example § II, 9, of the Braintree by-law.

often subject to approval of the board of appeal. The new § II, 10, we think, provides for exceptions "in harmony with the general purpose and intent" as authorized by G. L. c. 40A, § 4; the standards for board action are fully adequate. *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114. *Simeone Stone Corp.* v. *Oliva,* 350 Mass. 31, 37–38. *Barrett* v. *Building Inspector of Peabody,* 354 Mass. 38, 43. See *Massachusetts Bay Transportation Authy.* v. *Boston Safe Deposit & Trust Co.* 348 Mass. 538, 544–545.

We assume that it would not violate the requirement of uniformity for the town to zone for access use specific residential parcels, already in such use, but to provide that parcels not in such use may thereafter be subjected to access use only with board of appeals approval. The town could determine as to each such existing access parcel, judging it in its surroundings as they existed before illegal use began and applying appropriate criteria, that access use was reasonable. Here, however, there is no suggestion that the town made any such determination. On the contrary, the wording of the amendment and the planning board report indicate that the rezoning was made as to those parcels because the access use over them existed.

The presumption of the validity of legislative action does not enfold within the town's vote all the determinations that might have been made but which it is reasonably to be concluded from the vote and the record were not made. There has therefore been unequal treatment of residential areas near parcels in illegal use in 1966, on the one hand, and areas not near such parcels, on the other. We rule, moreover, that the use for industrial access to the extent found by the judge of strips of residentially zoned land on both sides of the petitioners' property is unreasonable as a matter of law.

The town is not in a straitjacket. It may lay out public ways; it may extend its industrial or business areas to public ways if such areas are reasonably laid out in relation to adjacent or nearby residential areas. It may, as we have indicated, allow access use of particular lots, suitable

for such use, by specific vote or with consent of the board of appeals.

Turning to the rulings and decision of the Land Court: The ruling of the judge that the amendment involves illegal delegation of power to the board of appeals was error; no aspect of accessory use to a permitted use is involved and the ruling that in effect so holds was correct; the judge rightly ruled that the amendment is arbitrary and discriminatory in its effect on the petitioners' land; the decision of the Land Court that the amendment is invalid is affirmed.

*So ordered.*