BOARD OF APPEALS OF WEBSTER *vs.* Z & K ENTERPRISES, INC. September 25, 1973. The appeal to this court is from a final decree of the Superior Court which, in effect, sustained the decision of the board of appeals of the town of Webster (G. L. c. 40A, § 21, as amended through St. 1970, c. 80) denying an application to the board for a special permit (G. L. c. 40A, § 4, as most recently amended by St. 1966, c. 199) to use certain land in the "Agricultural-Single Family Residential" zoning district for a "mobile home park" (see *Selectmen of Hatfield* v. *Garvey,* 362 Mass. 821, 824-828 [1973], and cases cited; G. L. c. 140, §§ 32F and 32L, as most recently amended by St. 1964, c. 592, §§ 9 and 14, respectively). The provision of the zoning by-law relied on by the applicant authorizes the board, under stated conditions, to grant a special permit for the use of land in such a district for a "Hotel or Tourist Court" (§ 6, 2[e]). The proposed use disclosed by the evidence is not comprehended within either of the uses stated in the quoted portion of the by-law. It is not enough that a use for which a special permit is sought be "consistent" or "compatible" with a specific use for which the by-law states such a permit may be granted. General laws c. 40A, §4, requires such a use to be "of a character set forth *in . . .* [the] by-law" (emphasis supplied). See *Lawrence* v. *Board of Appeals of Lynn,* 336 Mass. 87, 90 (1957); *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 412-414, 415-419 (1966); *Gallagher* v. *Selectmen of Falmouth,* 352 Mass. 307 (1967). See also *Clark* v. *Board of Appeals of Newbury,* 348 Mass. 407, 408-409 (1965).

*Final decree of the Superior Court affirmed.*

*Roy S. Mier* for the defendant.
*Joseph F. Gorski,* Town Counsel, for the plaintiff.