NICHOLAS C. MASTRIANI & another [1] *vs.* BUILDING INSPECTOR OF MONSON & others.[2] March 6, 1985.

*Housing Court, Jurisdiction. Jurisdiction, Housing Court. Zoning, Validity.*

A complaint was filed in the Hampden County Housing Court by owners of property abutting a parcel of land which was the subject of an amendment to the zoning by-law of the town of Monson. The complaint alleges that the amendment, approved at a special town meeting, is invalid because it constitutes spot zoning. The plaintiffs sought to have the court (1) order the building inspector to enforce the by-law as it existed prior to the amendment and also order the town clerk to expunge the amendment from the town's records and zoning maps, and (2) make a binding declaration that the zoning by-law; as amended, is invalid and that the action of the special town meeting exceeded its authority.

The following findings, drawn from stipulations of the parties and testimony, are not disputed by the parties. Kevin W. O'Neil, a physician specializing in internal medicine, is associated in the practice of medicine with two other doctors in Monson. In 1982 Dr. O'Neil purchased a twenty-acre parcel of land on Palmer Road, Monson. He planned to construct a medical office building for himself, his associates, and their staff. The proposed building would be of considerable benefit to Dr. O'Neil and the other doctors because it would be more accessible than their present office to the two hospitals where the doctors are members of the respective staffs. It would also be more accessible for their patients, who reside in Monson and the surrounding towns.

The parcel is located in an area designated on the zoning map as "rural residential." The entire area surrounding the twenty-acre parcel is so designated. Under that designation, the principal permitted uses are one-family residences and farms. Business and professional offices are not permitted in a "rural residential" zone. Because of that restriction, Dr. O'Neil petitioned for a zone change for his parcel. An amendment to the zoning by-law changing the designation of Dr. O'Neil's parcel from "rural residential" to "general commercial" was adopted at a special town meeting and subsequently received the required approval of the Attorney General.

---

[1] Carol Mastriani.

[2] The town of Monson and its town clerk. Kevin W. O'Neil was allowed to intervene as a defendant.

The plaintiffs brought this action and, after a trial in the Housing Court, the judge declared that the action of the special town meeting was a nullity because the amendment constituted spot zoning. He ordered the town clerk to enter the declaration in the records and also ordered the building inspector to enforce the zoning ordinance as it existed prior to the amendment. This appeal followed.

1. *Subject matter jurisdiction*. The first question that concerns us is whether the Housing Court has jurisdiction to decide this matter. Although neither party raised the question, "[i]t is our duty to consider jurisdictional questions on our own motion." *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 85 (1979).

Historically, there have been two ways to challenge the validity of a zoning regulation. The type of action to be brought and the proper court to hear the matter depend on whether an actual controversy is present. Under G. L. c. 240, § 14A, a landowner may petitión the Land Court for a decision "concerning the validity or invalidity of any zoning restriction applicable to his land." *Sturges* v. *Chilmark*, 380 Mass. 246, 249 (1980). Also see *Banquer Realty Co.* v. *Acting Bldg. Commr. of Boston*, 389 Mass. 565, 570 (1983). An abutter may bring such a petition if the zoning amendment directly and adversely affects the permitted use of his land. *Harrison* v. *Braintree*, 355 Mass. 651, 654-655 (1969). By G. L. c. 185, § 1 (j½), the Land Court is given exclusive jurisdiction of all complaints brought pursuant to G. L. c. 240, § 14A, where there is no actual controversy. *Woods* v. *Newton*, 349 Mass. 373, 376-377 (1965). *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 222-223 (1982). Also see *Sisters of the Holy Cross* v. *Brookline*, 347 Mass. 486, 490-492 (1964). The other method that may be used to challenge the validity of a zoning ordinance or by-law is by bringing an action pursuant to G. L. c. 231A, provided an actual controversy exists. *Woods* v. *Newton, supra* at 377. Both the Superior Court and the Land Court are included among those courts that have jurisdiction over G. L. c. 231A matters. See G. L. c. 231A, § 1. A Housing Court is not.

An examination of the record shows that the plaintiffs do not allege or show that an actual cóntroversy exists. Their complaint was brought prior to any application by Dr. O'Neil for a building permit. The plaintiffs have never requested that the building inspector take any action in regard to the amendment to the zoning ordinance. Therefore, the plaintiffs, because of the absence of a controversy, should have brought their complaint in the Land Court pursuant to G. L. c. 240, § 14A.

2. *Merits of the action*. Although we are persuaded that the Housing Court did not have jurisdiction to hear this action, the substantive issue has been fully briefed and argued and we express our views on the matter. *Sisters of the Holy Cross* v. *Brookline*, 347 Mass. at 492.

We agree with the judge that the zoning amendment was "spot zoning" and, therefore, was unlawful. Spot zoning is "a singling out of one lot for different treatment from that accorded to similar surrounding land indis-

tinguishable from it in character, all for the economic benefit of the owner." *Lamarre* v. *Commissioner of Pub. Works of Fall River,* 324 Mass. 542, 545-546 (1949), quoting from *Marblehead* v. *Rosenthal,* 316 Mass. 124, 126 (1944). The twenty-acre parcel owned by Dr. O'Neil was indistinguishable from the surrounding land.[3] The amendment permitted him to construct a commercial building in a residential area. We agree with the judge that the plaintiffs have sustained their heavy burden of proving "facts which compel a conclusion that the question whether the amendment falls within the enabling statute is not even fairly debatable." *Crall* v. *Leominster,* 362 Mass. 95, 103 (1972).

3. *Conclusion.* In light of the lack of jurisdiction in the Housing Court, the judgment entered in that court is vacated. Because of G. L. c. 185C, § 20, we cannot order that the case be transferred to the Land Court.[4] Contrast *Konstantopoulos* v. *Whately,* 384 Mass. 123, 129 (1981). Thus, the plaintiff, if he wishes, must file the case in the Land Court. If the case is filed in that court, a request should be made to the Chief Administrative Justice to designate the judge of the Housing Court as a judge of the Land Court for the purposes of hearing this case anew. If that event occurs, the matter should be submitted on a "case stated" basis, unless the parties have new evidence to present to the judge designated to hear the matter.

*So ordered.*

*Robert G. Ghazey* for Kevin W. O'Neil.
*John F. Donahue* for the plaintiffs.

---

[3] The judge made the following finding as to the size of the area, zoned "rural residential," that surrounded Dr. O'Neil's parcel. "In the area of the plaintiff's property and of this zone change for a strip along Route . . . 32, north to south, for about 4,000 to 4,500 feet, the land is zoned Rural Residential on both sides of Route . . . 32 and all the way to both the Wilbraham line on the west and the Brimfield line on the east."

[4] General Laws c. 185C, § 20, inserted by St. 1978, c. 478, § 92, states in part that "no civil action originally entered in the housing court department shall be transferred to any other department." See *Patry* v. *Liberty Mobilhome Sales, Inc.,* 15 Mass. App. Ct. 701, 702 (1983).