Hansen & Donahue, Inc., & others[1] *vs.* Town of Norwood & another.[2]

No. 02-P-1625.

Suffolk. March 9, 2004. - June 8, 2004.

Present: Perretta, Kantrowitz, & Kafker, JJ.

*Zoning,* Validity of by-law or ordinance. *Practice, Civil,* Standing, Declaratory proceeding.

In a civil action brought by abutters to a particular piece of property (locus) pursuant to G. L. c. 240, § 14A, seeking a binding declaration of right regarding the interpretation of the provisions of the defendant town's by-laws as they applied to the locus, the judge erred in dismissing the complaint on the ground that the abutters lacked standing to bring the action because the use of the locus that was the subject of their complaint had been recently discontinued, where the abutters satisfied the requirement that they be landowners on whose land there was a direct effect of the zoning enactment through the permitted use of other land. [294-298]

Civil action commenced in the Land Court Department on March 1, 2000.

The case was heard by *Karyn F. Scheier,* J., on a motion for summary judgment.

*Thomas E. Nannicelli* for the plaintiffs.

Kafker, J. The plaintiffs, Robert N. Donahue, Robert W. Hansen, and Hansen & Donahue, Inc., brought this action pursuant to G. L. c. 240, § 14A, seeking a binding declaration of right regarding the interpretation of the provisions of the town of Norwood's zoning by-laws (by-laws) as they apply to 9 Vernon Street (locus). The plaintiff corporation owns one abutting property and the individual plaintiffs own another as cotenants. On their own properties, the plaintiffs operate a bed and breakfast enterprise and a lodging house. By their complaint,

[1]Robert N. Donahue and Robert W. Hansen.
[2]Mark G. Chubet, building inspector of Norwood.

the plaintiffs seek a declaration that the locus may not be used for the operation of an ambulance service. The issue presented is whether the plaintiffs may maintain an action under c. 240, § 14A, when the use that is the subject of their complaint has been recently discontinued, but the town has consistently interpreted the by-laws to permit the challenged use. We conclude the plaintiffs may maintain their action and therefore reverse the judgment of the Land Court.

The locus lies in the Business Districts Central (CB) zoning district under the town's by-laws. From April or May of 1998 until October of 2001, the locus was leased successively to two different ambulance companies. Contending that the use of the locus for the operation of an ambulance service was not permitted as of right, or by way of a special permit, the plaintiffs twice requested, without success, that the defendant building inspector enforce the by-laws and shut down the ambulance service then leasing the locus. Although an "ambulance service" is not among the listed permitted uses in the CB district, a "taxi office or stand" is. The building inspector concluded in each instance that the use was permissible as the ambulance service "may be best considered under Item H(4) 'taxi office or stand.' The use of the property in this manner best approximates the anticipated use as a principal place of garaging for an ambulance."

The town's zoning board of appeals (board) upheld, in separate appeals, the building inspector's determination for each ambulance service, and the plaintiffs, pursuant to G. L. c. 40A, § 17, appealed each decision to Superior Court, which consolidated the two cases. After the locus was leased to a beauty salon,[3] a use specifically permitted under the by-laws, the § 17 appeals were dismissed without prejudice pursuant to a stipulation.

The plaintiffs also filed a complaint in the Land Court under G. L. c. 240, § 14A, seeking a declaration that the ambulance

---

[3]According to the plaintiffs' brief, the beauty salon reportedly has a five-year lease with an option to extend the term for an additional five years. But see note 10, *infra*.

service was not permitted under the by-laws.[4] They filed a motion for summary judgment. In her decision, the judge stated that the town chose "to leave the disposition of the case to the court, based on the language of the By-laws and Plaintiffs' presentation of the facts."[5] At the hearing before the judge, the town also declined to challenge the plaintiffs' standing, and the parties agreed that there was an actual controversy. The Land Court ruled, however, that the plaintiffs lacked standing, concluding that "since the previously sited ambulance service no longer exists at Locus, Plaintiffs' Section 14A count has become a 'pre-emptive' attack by abutters against a theoretical use of their neighbor's land. As such, a determination under G. L. c. 240, § 14A, . . . is not available to Plaintiffs." The court dismissed the complaint without reaching the merits.

*Discussion.* Chapter 240, § 14A, provides that "[t]he owner of a freehold estate in possession in land may bring a petition in the land court against a city or town wherein such land is situated, . . . for determination as to the validity of a municipal . . . by-law . . . which purports to restrict or limit the present or future use, enjoyment, improvement or development of such land, or any part thereof of, . . . or for determination of the extent to which any such municipal . . . by-law . . . affects a proposed use."[6] See *Banquer Realty Co.* v. *Acting Bldg. Commr. of Boston*, 389 Mass. 565, 567, 570 (1983) (c. 240, § 14A, provides jurisdiction over case "only questioning the correctness of the acting building commissioner's interpretation" of zoning code and not challenging validity of code, as statute "clearly grants the Land Court jurisdiction over two kinds of cases, validity and extent cases").

---

[4]It was understood at the time of the stipulated dismissal of the plaintiffs' c. 40A, § 17, appeals in Superior Court that the plaintiffs would be proceeding with their pending c. 240, § 14A, action in Land Court.

[5]The town has also not submitted a brief on appeal.

[6]The statute further provides: "The right to file and prosecute such a petition shall not be affected by the fact that no permit or license to erect structures or to alter, improve or repair existing structures on such land has been applied for, nor by the fact that no architects' plans or drawings for such erection, alteration, improvement or repair have been prepared. The court may make binding determinations of right interpreting such . . . by-laws . . . whether any consequential judgment or relief is or could be claimed or not." G. L. c. 240, § 14A.

"The primary purpose of proceedings under § 14A is to determine how and with what rights and limitations the land of the person seeking an adjudication may be used under the provisions of a zoning enactment in terms applicable to it, particularly where there is no controversy and hence no basis for other declaratory relief." *Harrison* v. *Braintree*, 355 Mass. 651, 654 (1969). Although the classic case involves a landowner seeking a determination regarding his own land, in *Harrison*, the court also deemed "appropriate a broad construction of c. 240, § 14A," and authorized a "petition [under c. 240, § 14A,] by a landowner on whose land there is a direct effect of the zoning enactment through the permitted use of other land." *Id.* at 654-655. In *Harrison*, the zoning amendment allowed industrial access over nearby residential parcels, thereby adversely affecting the value of the petitioners' residence.[7] *Id.* at 652-653. See *Mastriani* v. *Building Inspector of Monson*, 19 Mass. App. Ct. 989, 989-990 (1985) (abutters could bring c. 240, § 14A, complaint to challenge amendment to town zoning by-law changing designation of twenty-acre parcel from rural residential to general commercial to allow construction of medical office building); *Fitch* v. *Board of Appeals of Concord*, 55 Mass. App. Ct. 748, 753-754 (2002) (abutters could challenge by-law interpretation allowing construction of single-family home); *Hanna* v. *Framingham*, 60 Mass. App. Ct. 420, 422-424 (2004) (neighboring landowner's c. 240, § 14A, action survived summary judgment motion brought by developer of locus on standing grounds).

Had the ambulance service not been discontinued here, this would have been a relatively straightforward c. 240, § 14A, complaint by an abutter. There appears to be no question that the "direct effect" requirement would have been satisfied by the operation of an ongoing ambulance service on the locus, where the by-laws had been interpreted to allow such use. In concluding that the plaintiffs here did not have standing,[8] the

---

[7]In *Harrison* v. *Braintree*, 355 Mass. at 653, the petitioners' property value had diminished despite their having spent over $11,500 to address noise, dust, lights, and vibration from passing commercial vehicles using the road.

[8]Standing is something of a misnomer in evaluating the right to bring a

Land Court judge distinguished *Harrison* and determined that the discontinuance of the ambulance service meant that the plaintiffs were engaging in a preemptive attack against a theoretical use. Although we agree that the allowance of preemptive attacks by abutters against theoretical uses would unduly burden both land owners and the Land Court, and that *Harrison* does not countenance such complaints pursuant to c. 240, § 14A, we conclude that the direct effect requirement has been satisfied in the instant case.

When the plaintiffs brought their § 14A action, the ambulance service was in operation from the locus, and the building inspector and the board had concluded that the use was permissible under the by-laws. The plaintiffs were therefore experiencing the direct effect of the challenged permitted use when they brought suit.

The fact that the challenged use had been discontinued by the time the summary judgment motion was heard does not render the complaint hypothetical and inappropriate for review pursuant to c. 240, § 14A. In *Fitch* v. *Board of Appeals of Concord, supra* at 750, 753, abutters filed an appeal under c. 40A, § 17, and a claim under c. 240, § 14A, challenging a building permit for a single-family home. Even though the landowner let the permit expire, "[r]easonably [deciding] not [to] persevere with construction in the face of proceedings to have such construction declared unlawful," *id.* at 752, we held that "[t]his is not a case of a landowner being compelled to defend a hypothetical right to build. It was [the landowner] who triggered the controversy by applying for and obtaining a building permit," *id.* at 753 n.7.[9]

We are also not presented here with a past use that has been precluded in the future. There are no physical impediments to restarting the challenged use. The locus, *including the building*

c. 240, § 14A, petition. See Bobrowski, Massachusetts Land Use & Planning Law § 3.05[B], at 111 (2d ed. 2002) ("Clearly, the traditional concept of standing does not apply to actions pursuant to . . . c. 240, § 14A").

[9]We note that the Land Court judge in this case did not have the benefit of *Fitch* v. *Board of Appeals of Concord, supra,* which was decided after she issued her decision.

on site, is readily convertible back to an ambulance service. Although the plaintiffs' brief states that the beauty salon has signed a multi-year lease, the salon's success or failure in that location remains to be seen.[10]

In addition, on two occasions before the filing of this § 14A action by the plaintiffs, the building inspector and the board had determined that the by-laws permitted the use of the locus as an ambulance service, despite the plaintiffs' challenges to such use. Based on the town's consistent and relatively current interpretation of the by-laws, it was reasonable to infer that this interpretation reflected the present view of the town, and that this interpretation would be adopted in the future if the landowners or anyone else in the zoning district sought to operate an ambulance service.

Finally, the plaintiffs had no reason or need to develop more evidence of the "direct effect" of the permitted use on their property because the parties did not consider the discontinuance of the ambulance service relevant, as they both wanted the Land Court to resolve the question whether the ambulance service was a permitted use under the by-laws, and neither party considered the "direct effect" requirement to be at issue at the hearing.[11]

The question then becomes whether c. 240, § 14A, authorizes

---

[10]Following oral argument, counsel for the plaintiffs advised this court in a letter that the following sign was in the window of the salon: "We're moving. Space for Lease." As of the date of the letter, the salon was "still occupying the premises."

[11]We are not suggesting that the court could not independently decide that the direct effect requirement had not been met even if the parties agreed it had been. We have, however, instructed judges that they should not grant summary judgment on grounds not raised by the parties, without giving the parties fair opportunity to address the issue. See, e.g., *Gamache* v. *Mayor of N. Adams*, 17 Mass. App. Ct. 291, 295 (1983); *Monaco* v. *Lombard Bros.*, 24 Mass. App. Ct. 941, 941-942 (1987); *Cardone* v. *Boston Regional Med. Center, Inc.*, 60 Mass. App. Ct. 179, 189 (2003). Counsel for the plaintiffs suggested that had his clients known that the court was actively considering the plaintiffs' right to challenge the by-laws given the discontinuance of the ambulance service, they would have submitted evidence on the present effects of the prior permitted use, including demonstrating that renovations were not being made to the rooming house until the permissibility of an ambulance service on the neighboring property was conclusively addressed. Cf. *Pitman* v. *Medford*, 312 Mass. 618, 620 (1942); *Addison-Wesley Publishing Co.* v. *Reading*, 354 Mass. 181, 185 (1968) ("The owner who may be contemplating a large

a challenge by abutters in this context, or whether they must wait until the use actually returns, if ever, to bring the § 14A complaint. As explained earlier, § 14A does not require an actual controversy and is designed to provide landowners with a means of determining the validity or extent of a by-law when other avenues of declaratory relief are not available. See *Harrison* v. *Braintree*, 355 Mass. at 654; *Mastriani* v. *Building Inspector of Monson*, 19 Mass. App. Ct. at 988 ("plaintiffs [abutters to the locus subject to a spot zoning challenge], because of the absence of a controversy, should have brought their complaint in the Land Court pursuant to G. L. c. 240, § 14A"). For landowners seeking guidance on their own property, this is dispositive. Nevertheless, landowners seeking a declaration regarding their own land are not prone to expending their resources to analyze uses they are not realistically considering. In contrast, there is a far greater danger of premature intermeddling by abutters over theoretical or even imaginary uses.

Here, however, those concerns have been satisfied: the plaintiffs have recently experienced direct effects arising out of the uses permitted by the town, the town has consistently allowed the contested use, the plaintiffs appear to be able to introduce evidence that the effects of the challenged use are ongoing, and they have realistic concerns that the challenged use could return. For these reasons, the plaintiffs may bring a c. 240, § 14A, complaint despite the discontinuance of the ambulance service. We therefore conclude that the Land Court should not have allowed summary judgment for the defendants for failure to meet the direct effect requirement.

*Judgment reversed.*

investment on his land is thus provided [through c. 240, § 14A,] with a thoroughly sensible means of ensuring that he is safe in going ahead"). He also stated that he would have addressed the economic effects of the prior permitted use on the value of their property at least for use as a bed and breakfast establishment or lodging house as well as uncertainties regarding the future of the beauty salon. This proof would have provided a fuller picture of the direct effect of the permitted use on the plaintiffs' property. We note, however, that the plaintiffs did not make these points in the brief hearing on the motion for reconsideration, nor are they necessary to our conclusion here.