NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-123

EAST LONGMEADOW REDEVELOPERS, LLC

vs.

TOWN OF EAST LONGMEADOW & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Fields at Chestnut Condominium Trust (Fields Trust), an abutter to a property in East Longmeadow, appeals from the denial of its motion to intervene in an action between East Longmeadow Redevelopers, LLC (developer), and the town of East Longmeadow (town) and the town's planning board (board).[2] The Fields Trust maintains that it has standing under G. L. c. 240, § 14A, and meets all the requirements to intervene as of right, including that the town and the board did not adequately

_____

[1] Planning board of East Longmeadow and the Fields at Chestnut Condominium Trust, prospective intervener.

[2] Neither the developer nor the town filed a brief in this appeal. An attorney for the town appeared for argument and answered questions from the panel.

represent the abutter's interests. We agree and accordingly reverse.

Background. In August 2022, the developer filed a site plan review application with the board pursuant to Article IX "Site Plan Review" of the town's zoning bylaws in connection with the developer's proposed development of a warehouse that will occupy nearly thirteen acres and have one hundred loading docks. On May 2, 2023, following a series of public hearings, the board approved the site plan subject to certain conditions. On May 16, 2023, despite the previous approval, the town continued to consider public comment on proposed conditions imposed on the developer's plan. Eventually, after further review, the town reversed its previous decision and voted to deny the developer's site plan.

The developer filed suit in the Land Court. Its amended complaint includes four counts: (1) a claim under G. L. c. 40A, § 11, for "Failure to Provide Notice"; (2) for declaratory judgment under G. L. c. 231A, §§ 1 & 2; (3) for declaratory judgment pursuant to G. L. c. 240, § 14A; and (4) for judicial review under G. L. c. 40A, § 17. The Fields Trust, which is a senior living community with over one hundred units that immediately abuts the developer's property, moved to intervene by right and alternatively by permission on the developer's

2

G. L. c. 240, § 14A, claim pursuant to Mass. R. Civ. P. 24 (a) (2) & (b) (2), 365 Mass. 769 (1974). The motion judge denied the Fields Trust's motion to intervene. This appeal followed.[3]

Discussion. A judge should allow a motion to intervene as of right when "(1) the applicant claims an interest in the subject of the action, . . . (2) [the applicant] is situated so that [its] ability to protect this interest may be impaired as a practical matter by the disposition of the action, and (3) [the applicant's] interest is not adequately represented by the existing parties." Massachusetts Fed'n of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 205 (1991) (Massachusetts Fed'n of Teachers). See Mass. R. Civ. P. 24 (a) (2). "Whether the prospective intervener has met the requirements for intervention is a question of law, and therefore we review the ruling de novo" (quotation and citation omitted). Beacon Residential Mgt., LP v. R.P., 477 Mass. 749, 753 (2017).

---

[3] In a motion for reconsideration, the Fields Trust clarified that it was seeking to intervene on the developer's G. L. c. 240, § 14A, claim. The judge denied the motion for reconsideration, citing the Fields Trust's inability to show inadequacy of representation by the town as required for intervention as of right under Mass. R. Civ. P. 24 (a) (2).

The Fields Trust claims that it was entitled to intervention as of right because it had compelling interests that were distinct and not adequately represented by the town and the board.  "The burden of showing the inadequacy of the representation is on the applicant."  Attorney Gen. v. Brockton Agric. Soc., 390 Mass. 431, 434 (1983).  However, the determination if an applicant has met its burden is case and fact specific.  See Massachusetts Fed'n of Teachers, 409 Mass. at 206 ("There is no single standard for determining when an applicant has carried his burden because the circumstances of the case determine the weight of that burden").  In cases where a

> "prospective intervener's interest is similar to, but not identical with that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, but [the applicant] ordinarily should be allowed to intervene unless it is clear that the [existing] party will provide adequate representation for the [applicant]" (quotation omitted).[4]

Bridgeman v. District Attorney for the Suffolk Dist., 471 Mass. 465, 485 (2015), S.C., 476 Mass. 298 (2017), quoting Mayflower

---

[4] "If the interest of the prospective intervener is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate" (quotation omitted).  Bridgeman v. District Attorney for the Suffolk Dist., 471 Mass. 465, 485 (2015), S.C., 476 Mass. 298 (2017).

4

Dev. Corp. v. Dennis, 11 Mass. App. Ct. 630, 637 (1981). "These interests should be compared from the perspective of the result sought by [the] proposed intervener vis-a-vis the result sought by the existing party" (quotation and citation omitted). Mayflower Dev. Corp., supra.

We conclude that the Fields Trust's motion to intervene should have been allowed. At oral argument, counsel for the town conceded that the interests of the municipal defendants and the Fields Trust are not necessarily aligned.[5] See, e.g., Nextel Communications of the Mid-Atlantic, Inc. v. Hanson, 311 F. Supp. 2d 142, 152 (D. Mass. 2004) (party met threshold of intervention as of right under Fed. R. Civ. P. 24[a] by showing the town would not adequately represent party's interests in potential settlement negotiations). Indeed, before the motion judge, the town did not dispute the Fields Trust's statement that the town is a small "financially stressed municipality that

---

[5] From the record and representation by the attorney for the town, the town did not take a position on the motion in the Land Court. On appeal, counsel for the town noted that "the town and [Fields Trust] have not always been on the same page as far as what the concerns [about the project] might be," and how the plan might be modified to address those concerns. Town counsel did not agree that the town's interests were different than those of the Fields Trust, but did say that he could foresee "a scenario where [the town's] goals might diverge from [the Fields Trust's] goals."

5

lacks adequate financial resources to oppose" the project.[6]  The Fields Trust's concerns such as adverse impacts of traffic, noise, and deterioration of air quality caused by the developer's proposed warehouse and particularly the solutions to those concerns are not necessarily the same for the town.

Moreover, allowing for intervention in this case aligns broadly with the permissive nature of abutter claims under G. L. c. 240, § 14A.

> "The primary purpose of proceedings under § 14A is to determine how and with what rights and limitations the land of the person seeking an adjudication may be used under the provisions of a zoning enactment in terms applicable to it, particularly where there is no controversy and hence no basis for other declaratory relief."

Harrison v. Braintree, 355 Mass. 651, 654 (1969).  The Supreme Judicial Court in Harrison deemed "appropriate a broad construction of c. 240, § 14A," id. at 654, and allowed for a "petition [under G. L. c. 240, § 14A,] by a landowner on whose land there is a direct effect of the zoning enactment through the permitted use of other land."  Id. at 655.  See Hansen & Donahue, Inc. v. Norwood, 61 Mass. App. Ct. 292, 296 (2004) (abutting property owner permitted to bring a G. L. c. 240, § 14A, action when "experiencing the direct effect of the challenged permitted use" under the contested bylaw); Hanna v.

_____

[6] The town adopted the Fields Trust's motion to dismiss certain developer's claims, rather than submit its own.

6

Framingham, 60 Mass. App. Ct. 420, 422 (2004) (neighboring landowner may bring G. L. c. 240, § 14A, action "if the use of such other land pursuant to the zoning amendment 'directly and adversely affects the permitted use of his land'" [citation omitted]); Fitch v. Board of Appeals of Concord, 55 Mass. App. Ct. 748, 754 (2002) (neighboring landowner could petition pursuant to G. L. c. 240, § 14A, "where the proposed use on that other land has a direct effect on his").  Given the court's expansive approach for parties to petition under G. L. c. 240, § 14A, it should follow that this approach extends to abutting parties seeking to intervene on a G. L. c. 240, § 14A, claim as well.

Conclusion.  The order denying the motion to intervene is reversed, and a new order shall enter allowing the motion.

So ordered.

By the Court (Henry, Hand & Brennan, JJ.[7]),

*Paul Little*

Clerk

Entered:  July 8, 2025.

---

[7] The panelists are listed in order of seniority.